320 So.2d 212 (1975)
Rita L. WARE
v.
F. C. DOYAL, Jr., Administrator, State of Louisiana Department of Employment Security and D. H. Holmes Co., Ltd.
No. 5150.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Chaffe, McCall, Phillips, Toler & Sarpy by David McComb, New Orleans, and James A. McGraw, Dept. of Employment Security, Baton Rouge, for defendant-appellant.
Fontenot & Mitchell by Guy O. Mitchell, III, Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and BEER, JJ.
BEER, Judge.
Appellee was employed as a sales clerk by appellant in Houma, Louisiana on October 9, 1971. On February 17, 1972 she gave two days notice and quit. Her resignation slip (written by her) states, as her sole reason for leaving: "We're going to move to Central Louisiana."
Consistent with her written statement, appellee did move to Ville Platte, where, about five months from the date of her resignation from Holmes, she gave birth. Seven and a half months after her baby's birth (which was over a year after her resignation), appellee filed claim for unemployment benefits. Although she never sought to be employed again at appellant's store and alleged for the first time that she had quit "because of pregnancy," the State Department of Employment Security (hereafter, Department) determined that her "separation" was "under non-disqualifying conditions" making her eligible for unemployment compensation benefits even though Holmes had routinely informed the Department that Mrs. Ware quit her job to move to another part of the State.
Thereafter, Holmes, duly informed of the Department's determination, appealed *213 the ruling. As a result, a Notice of Hearing before an Appeals Referee was issued to Holmes and Mrs. Ware on April 2, 1973 and the hearing held on April 9, 1973. Mrs. Ware did not attend. After hearing testimony and considering the evidence submitted, the Appeals Referee held:
"The facts show that the claimant left her employment to establish her domicile with that of her husband in an area that made it impractical for her to commute to and from work."
Mrs. Ware timely appealed this ruling to the Department's Board of Review who affirmed the referee. She then appealed that ruling to the Thirteenth Judicial District Court which remanded the matter for further proceedings.
In accordance with that remand, the entire matter was again aired at a full evidentiary hearing before the Department's Chief Appeals Referee on August 13, 1974 and the evidence then and there adduced considered by the Department's Board of Review which, on September 13, 1974 reaffirmed the original decision of the Appeals Referee noted above.
The written opinion of the Board of Review states:
"R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving employment without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
"The Board of Review has carefully read all of the testimony and evidence, and the precedent that the Board of Review has followed, in previous decisions, has been that an employee who leaves available work to follow her husband to a new domicile, leaves under disqualifying circumstances. (Re: Lucille D. Sheffield, et al, versus J. Hadley Heard, Administrator, Number 44-201, 9th Judicial District Court, Parish of Rapides, State of Louisiana, and Docket Number 8545 of the Second Circuit Court of Appeals, decision dated January 7, 1947.)
"It is our opinion that the claimant was not asked to leave her employment, but she left for personal reasons.
"We, therefore, conclude that the previous decision of the Board of Review, rendered and mailed on July 6, 1973, upholding the decision of the Appeals Referee disqualifying the claimant effective February 19, 1972, shall remain in full force and effect."
Thereafter, in accordance with LSA-R. S. 23:1634 the Board of Review made a return of its findings, conclusions and a transcript of proceedings to the Thirteenth Judicial District Court.
The court chose not to accept the findings of the Board of Review and rendered its own judgment which precipitated this appeal. We reverse and reinstate the holding of the Board of Review.
LSA-R.S. 23:1634 defines the scope of judicial review in this proceeding:

* * * * * *
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (Emphasis ours.)
* * * * * *
There was no allegation of fraud here; thus, the only issues before the district court was the correctness of the legal conclusions reached by the Board.
The Referee and the Board of Review made certain credibility determinations in the course of these proceedings. *214 Those determinations were supported by competent evidence, and were beyond the scope of revision or rejection on judicial review. See: Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir. 1966).
The Board of Review determined (on the basis of the same evidence considered by the district court) that Mrs. Ware left her employment with D. H. Holmes to go to Central Louisiana because her husband had a better job there. It was error for the district court to supplant that finding with its own opposite factual conclusion.
The district court, in written reasons, bases it reversal of the Board upon its own opposite factual determinations without indicating the reason why the Board's findings of fact are to be ignored. Yet, a credibility determination must have been the sole basis for the district court's contrary findings.
In this case, however, the administrative tribunal's evaluation of credibility of witnesses is binding upon the court conducting judicial review of the agency's determinations if, as here, the administrative findings of fact are supported by sufficient evidence. Thus, they are beyond the scope of revision or rejection upon judicial review.
A wife who leaves employment in order to move with her husband to another city is not entitled to benefits under the statute which requires severance of employment to have been for good cause connected with employment. LSA-R.S. 23:1601(1). See: Sheffield v. Heard, 92 So.2d 295 (La.App. 2nd Cir. 1957). Accordingly, the legal basis for the Board's action does clearly exist.
Having reached these conclusions, we are obliged to reverse the judgment of the district court. The judgment is reversed and the holding of the Board of Review is reinstated at appellee's cost.
Reversed.