359 So.2d 243 (1978)
Marshall HARRIS, Plaintiff-Appellee,
v.
WOODCREST MOBILE HOMES and the Administrator of the Division of Employment Security, Defendants-Appellants.
No. 13542.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1978.
Miller & Schneider by Leo A. Miller, Jr., Lake Providence, for defendant-appellant Woodcrest Mobile Homes.
Marion Weimer, James A. Piper and James A. McGraw by Marion Weimer, Baton Rouge, for defendant-appellant Administrator of the Division of Employment Security.
Hamilton, Carroll & Miller by Donald K. Carroll, Oak Grove, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Woodcrest Mobile Homes, the claimant's employer, appeals from the judgment of the district court reversing a decision of the Board of Review of the Louisiana Division of Employment Security and granting unemployment benefits to the claimant, Marshall Harris, on a finding that Harris was eligible for unemployment benefits because he left his employment for good cause connected with his employment and he was able to work and available for work.
*244 Appellant contends the trial court erred in going beyond the permissible scope of judicial review of a decision of the Board of Review, and in failing to affirm the Board's conclusions that the claimant's unemployment was brought about because of a nonoccupational disability, the employment relationship was never severed since the employer held the claimant's job open for him, and claimant was not eligible for benefits. Appellant further contends claimant is ineligible for benefits because he is pursuing a workmen's compensation claim against the employer. Being of the opinion that the district court correctly analyzed and resolved each of the issues presented in this case in well-reasoned written reasons for judgment, we affirm the judgment of that court.
The essential facts disclosed by the evidence, for the most part consistent with the findings of the Board of Review, are as follows. Harris was employed as a roofer and carpenter in a mobile home factory for approximately one and one-half years. He became ill while so employed and his physician determined that he was allergic to fiberboard dust on the job at which he was employed. He was advised to seek some type of employment that did not expose him to fiberboard dust. After being off from work for a period of time his allergy cleared up and he returned to work in a different part of the building but he became sick again on account of the dust. He left work on May 6, 1976 and has not worked for Woodcrest since that time. Harris applied for and received benefits under a group disability insurance policy provided by his employer. He also applied for unemployment benefits. Later he began to pursue a workmen's compensation claim against the employer.
The Department originally determined that claimant was eligible for benefits. On the employer's appeal the appeals referee ruled that he was ineligible. The Board of Review affirmed the ruling of the appeals referee. Harris petitioned for judicial review and the district court remanded the case for the taking of further evidence by the Board of Review as to claimant's physical condition. After taking further evidence the Board of Review adhered to its previous decision denying benefits. When the record was returned to the district court, the administrator prayed that the decision of the Board of Review be reversed. The district court reversed and the employer appealed.
The scope of judicial review in appeals from decisions of the Board of Review is limited to whether the Board's findings of fact are supported by sufficient evidence and whether, as a matter of law, the facts justify the action taken. LSA-R.S. 23:1634; Ware v. Doyal, 320 So.2d 212 (La. App. 3d Cir. 1975); Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir. 1973). The district court properly applied this standard in reversing the Board of Review's decision, which is not supported by sufficient evidence nor applicable law.
The claimant has been unemployed since May 6, 1976. He has performed no services for the employer since that date and has been paid no wages since that date. Benefits received by the claimant under the disability insurance policy cannot be considered as payments in lieu of wages or has having continued the employment relationship between claimant and his employer.
The evidence establishes that plaintiff, at the time he made the claim for benefits, was able to work and was available for work as required by LSA-R.S. 23:1600(3). Claimant's physician rendered several reports stating consistently that plaintiff could not return to his former employment around fiberboard dust but could do light work away from the dust. The only job the employer had available for Harris was one in the presence of the masonite dust. A claimant is not required to accept employment which may be injurious to his health. The trial court correctly concluded from the evidence that the claimant was able to and available for work of a nature and in a place where he would not be exposed to dust.
LSA-R.S. 23:1601(1) provides that an individual shall be disqualified for benefits if *245 he left his employment without good cause connected with his employment. The Board's finding that claimant's unemployment was brought about because of a nonoccupational disability is not supported by any evidence. The doctor's statements in the record and plaintiff's testimony, and even the Board's finding of fact, show that the claimant left his employment for the sole reason that he was allergic to and made ill by the fiberboard dust which was present at his place of work. Working conditions which are dangerous or detrimental to health constitute good cause for leaving one's employment.
The employer's last contention that the claimant is disqualified to receive benefits because he is pursuing a claim for workmen's compensation benefits is likewise without merit. LSA-R.S. 23:1601(7) provides that an individual shall be disqualified for benefits for any week with respect to which he is receiving or has received remuneration in the form of compensation for disability under the workmen's compensation law. The claimant has not received and is not receiving any such remuneration and is not disqualified under that section.
The judgment appealed from is affirmed at appellant's costs.
Affirmed.