GUIDRY, Judge,
dissenting.
In this case my brethren acknowledge that a genuine issue of fact exists as to whether or not claimant’s employment was terminated for misconduct associated with her employment. This factual controversy was resolved by the appeal tribunal for the Department of Employment Security in favor of the employer. The appeal tribunal, after hearing testimony in this matter, concluded as follows:

“From the facts and testimony presented, it is concluded that the claimant was granted a three week leave of absence to attend to personal business. The claimant was scheduled to return to work on 2/14/77. She was also requested that she keep in touch with the employer which she failed to do. It is further concluded that the claimant was not replaced while off on a leave of absence; however, she was replaced after the leave was over and the claimant failed to return to work. IT IS ORDERED THAT the determination of the Agency, assessing no disqualification be reversed and a disqualification be assessed as of 1/21/77, the claimant’s last day of actual work with this employer.”

The decision of the appeal tribunal denying unemployment benefits based upon the factual findings above set forth was then appealed to the board of review for the Office of Employment Security. The board of review denied claimant’s appeal and ordered that the decision of the appeal tribunal be affirmed. Under such circumstances the decision of the appeal tribunal is deemed to be a decision of the board of review for purposes of judicial review. LSA-R.S. 23:1630.
My brethren of the majority, like our trial brother, reverse, choosing not to accept the findings of fact made by the board of review. In substituting their own factual determination for that of the board of review, the majority concludes, as did the trial judge,[1] that the provisions of LSA-R.S. 23:1634, regarding the scope of judicial review of a decision of the board of review,[2] are rendered nugatory because the administrator of the Office of Employment Security requested in his answer to the petition for judicial review that the holding be reversed. In my opinion, this conclusion and the majority’s refusal to limit review pursuant to the provisions of LSA-R.S. 23:1634, is error.
To conclude that the administrator, who is deemed a party to a judicial review proceeding can, simply by filing answer requesting a reversal of the decision of the board of review, alter the scope of judicial review as statutorily provided is illogical. If this be so the function of the appeal tribunal and the board of review are useless and the language of LSA-R.S. 23:1634, lim *1365 iting the scope of judicial review, is rendered meaningless, as the administrator can by his unilateral action bring about a de novo determination in the courts of the eligibility or non-eligibility of an unemployment compensation claimant. This is clearly not the intent of the Louisiana Employment Security Law.
My review of the record reflects the factual findings of the appeal tribunal to be amply supported by the record. This being so and considering that there is no contention that the decision resulted from fraud or ill practices, I would accept the foregoing findings of fact as conclusive with the only remaining issue concerning whether claimant’s actions constituted “misconduct connected with her employment” which disqualifies her as a matter of law from benefits under the act. LSA-R.S. 23:1634; Ware v. Doyal, 320 So.2d 212 (La.App. 3rd Cir. 1975).
As to the remaining issue the record reflects that it was against the policy of Rest Haven for an employee to take a leave of absence without previously securing the express approval of its administrator. The granting of such a leave was, therefore, purely within the discretion of the administrator. When claimant was granted a leave of absence, it was for a three week period, with the understanding that she would keep in touch with her employer. During the period of claimant’s absence, her duties were assumed by her supervisor, who had to perform her own supervisory duties as well.
I would find that claimant’s actions in failing to contact her employer during her leave of absence as well as taking an additional unauthorized six-day leave, without notification as to when she would return, if ever, constituted an intentional and substantial disregard of her obligations to her employer. When Rest Haven accommodated claimant’s request for a leave of absence, it had the right to expect her to be absent only those days expressly agreed upon, and to make periodic contact with its administrator or supervisor. I would conclude that the appeals tribunal correctly found these actions to be misconduct connected with claimant’s employment, which disqualify her for unemployment benefits as of January 21, 1977.
For these reasons I respectfully dissent.

. Although the district judge did not assign written reasons for judgment, the formal judgment rendered and signed on January 13, 1978, contains the following explanation for the judgment of the court:
“In view of the answer filed by the Administrator, and no appearance being made by opposing counsel, and it appearing from the record that the evidence is favorable as to the plaintiff, Rose Towner: . . . ”

. “In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law” (Emphasis ours.)