399 So.2d 723 (1981)
H. R. "Buddy, VERNON d/b/a Buddy's Promotional Advertising
v.
Barbara Gail SEITZ and Office of Employment Security of the Department of Labor of the State of Louisiana.
No. 14196.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*724 William C. Shockey, Baton Rouge, for plaintiff-appellant H. R. "Buddy" Vernon d/b/a Buddy's Promotional Advertising.
Phil Breaux, St. Gabriel, for defendant-appellee Barbara Gail Seitz.
James A. McGraw and Willie D. Maynor, Baton Rouge, for defendant-appellee Louisiana Department of Labor, Office of Employment Security.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
Barbara Gail Seitz was employed by plaintiff, H. R. "Buddy" Vernon, d/b/a Buddy's Promotional Advertising. On October 18, 1979, this employment was terminated when Ms. Seitz submitted her resignation upon plaintiff's request. Ms. Seitz applied for unemployment compensation benefits, and the Office of Employment Security of the Louisiana Department of Labor (OES) determined that she was disqualified because she was guilty of misconduct on the job. She appealed that decision to the appeals referee for OES, who reversed the previous determination and found Ms. Seitz was entitled to benefits. Plaintiff appealed the referee's decision to the Board of Review for OES.
On February 1, 1980, the board rendered a unanimous decision denying plaintiff's appeal, the decision having the effect of upholding the referee's ruling that Ms. Seitz was entitled to benefits. The board's decision *725 specifically states that it reviewed the record in the case. On February 14, 1980, plaintiff filed this action in district court seeking judicial review of the board's decision. On February 29, 1980, the board issued a second decision. The board therein specifically stated that it affirmed the referee's ruling, but noted that its first decision failed to reflect one dissenting vote, and it contained a brief dissent of the dissenting board member.
The suit filed by plaintiff in district court alleges that the board failed to consider the record of the hearing before the referee. This allegation was made despite the board's affirmative statement in its first decision that it reviewed the record. Plaintiff asked that the case be remanded to the board for the purpose of taking additional evidence. The petition included an order to set the matter for hearing. However, the district court noted on the order that plaintiff did not yet wish the hearing date to be fixed.
Eventually, a rule to show cause why the case should not be remanded was set for hearing. However, the matter was continued upon plaintiff's own request. The district court reset the matter for hearing, but the minute entry for the date of the second setting reflects only that the matter was passed without date. The record contains no other mention of the rule to show cause, except its denial in the judgment and reasons therefor.
Meanwhile, OES filed with the district court the complete administrative record on the case, including documentation and the complete transcript of the hearing before the referee. The transcript was certified as correct on March 25, 1980, a date subsequent to the board's decision.[1]
Almost two months after plaintiff's rule was passed without date, the district court rendered judgment with detailed reasons therefor, referring frequently to testimony adduced before the appeals referee. The district court found that the record contained sufficient evidence to support the board's decision and dismissed plaintiff's action. Also, the district court denied plaintiff's motion to remand the case to take additional evidence, stating that a remand "would be a vain and useless gesture." The district court noted that plaintiff did not specify any new evidence which could be offered, and that it appeared any such evidence would be merely cumulative.
On appeal, plaintiff does not attack the district court's findings on the merits. He contends only that the district court erred in denying him the opportunity to introduce evidence to show that the board did not consider the transcript or the tape recordings and documentation presented at the referee's hearing. Plaintiff asserts that he is prejudiced by this error because the court is bound on review by the board's findings, but that the board issued no findings because it did not review the record.
First, we note that the record does not reflect that the district court refused to allow plaintiff an opportunity to introduce evidence showing that the board did not review the complete record.[2] Upon the filing of the petition, plaintiff requested that the matter not yet be set for hearing. Subsequently, the matter was set for hearing twice. The first setting was upset at plaintiff's request. The second setting resulted in the rule being passed without date.
Despite the statutory mandate of LSA-R.S. 23:1634, requiring that such matters be given preference over other civil actions, nearly two months elapsed between the second setting and rendition of judgment. Yet the record is devoid of any motion to reset the rule for hearing. We do not believe that plaintiff should now be heard to complain of a missed opportunity that resulted from a lack of diligence in pursuing the matter.
Moreover, even assuming arguendo that plaintiff was denied an opportunity to *726 present such evidence, we find that plaintiff has not been prejudiced as he claims. Plaintiff asserts prejudice only in that (1) the board did not review the transcript of testimony, as the transcript of testimony was certified as correct only after the second decision, which contained the dissent, was signed, and (2) the board issued no findings of fact to serve as the basis for judicial review under LSA-R.S. 23:1634.
With regard to the first contention, we see that the board of review is permitted, not required, to review the transcript; it may deny the appeal and not review the transcript in its entirety, as will appear from the following discussion. Furthermore, the dissent of the member of the board of review mentions a review of the record, and seeks support by reference to the record. Thus, we feel confident there was a review of the record taken before the referee, through listening to tape recordings or otherwise.
With regard to the second contention, LSA-R.S. 23:1634 provides, inter alia, that the findings of the board shall be conclusive if supported by sufficient evidence and in the absence of fraud. However, LSA-R.S. 23:1630 states, in pertinent part:
"[U]pon denial by the board of review of an application for appeal from the decision of an appeal tribunal, the decision of the appeal tribunal shall be deemed to be a decision of the board of review within the meaning of this Section for purposes of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to the decision of the board of review...."
The board in the instant case denied plaintiff's appeal and upheld the decision of the referee. Hence, the decision and findings of fact made by the referee are deemed to be those of the board for purposes of judicial review. LSA-R.S. 23:1630. Not only is plaintiff not prejudiced by the failure of the board to issue independent findings of fact, but the failure to do so is expressly provided for by statute.
In any event, our own review of the complete record convinces us that the judgment of the trial court is correct on the merits. Ms. Seitz had been employed as a secretary and to perform general office duties by plaintiff for approximately seven months at the time of the termination of her employment. During this period, she occasionally was required to leave work to take her son to the doctor. Additionally, she was late for work on several occasions and failed in some instances to record customer information adequately. Also, on one occasion, it was shown that Ms. Seitz substituted a sheet from her employer's daily call book in order falsely to show that she had been present on that date. However, this incident occurred more than three months prior to the time her employment was terminated, and she apparently was never reprimanded therefor.
Ms. Seitz, on the other hand, denied most of the allegations made by plaintiff. She was able to establish that she did not violate any express company policy. Apparently, the policies of her employer were often changed without sufficient notice to employees.
It was also established at the referee's hearing that Ms. Seitz never received a written reprimand and was verbally corrected by plaintiff only on two or three occasions. Additionally, Ms. Seitz proved that plaintiff voluntarily reimbursed her for a portion of her employment agency fee and that plaintiff gave her two cash bonuses during her tenure. The last bonus was given to Ms. Seitz only two weeks prior to the termination of her employment. Moreover, Ms. Seitz stated that plaintiff complimented her for her work on several occasions.
LSA-R.S. 23:1601 provides, inter alia:
"An individual shall be disqualified for benefits:
. . . .
(2) If the administrator finds that he has been discharged for misconduct connected with his employment...."
In Atkins v. Doyal, 274 So.2d 438, 440 (La.App. 1st Cir. 1973), we stated:

*727 "Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963); Payne v. Antoines Restaurant, 217 So.2d 514 (4th La.App.1969); Heard v. Doyal, 259 So.2d 412 (2nd La.App.1972)."
In determining whether or not an employee has committed acts of misconduct sufficient to disqualify him from unemployment compensation benefits, the statute must be construed liberally in favor of finding that the employee is entitled to benefits. Parker v. Gerace, 354 So.2d 1022 (La. 1978). We determine that, under the facts of this case, Ms. Seitz is entitled to receive unemployment compensation benefits. While her actions were not always those of the model employee, we do not find that she was guilty of acts of misconduct sufficient to disqualify her. Hence, we find the trial court's judgment on the merits to be correct.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.
NOTES
[1] The tape recording of an administrative hearing need not be transcribed unless further review is initiated. LSA-R.S. 23:1631.
[2] We note that under LSA-R.S. 23:1634 the court is not permitted to receive evidence.