464 So.2d 382 (1985)
Evelyn P. BILLMAN
v.
Herbert SUMRALL, Administrator of the Louisiana Office of Employment Security and Lifemark Corporation d/b/a Highland Park Hospital.
No. CA 84 0030.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*383 James G. Derbes, Derbes & Derbes, New Orleans, for plaintiff, appellee.
James A. McGraw, Baton Rouge, for defendant, appellee.
H. Mark Adams, New Orleans, for Lifemark Hosp.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This case involves a claim for unemployment compensation benefits. Lifemark Hospitals of Louisiana, Inc., doing business as Highland Park Hospital, the claimant's employer, appeals the judgment of the district court reversing a decision of the Board of Review of the Louisiana Division of Employment Security which denied unemployment compensation benefits to the claimant, Evelyn Billman.

FACTS
Evelyn Billman was employed as a transcriptionist in the medical records section of Highland Park Hospital (hospital) from January, 1982 until June 10, 1982, at which time she voluntarily resigned her position due to an allergy to cigarette smoke. When Mrs. Billman applied for employment with the hospital she stated that she had an allergy, but that the allergy was under control. However, she did not indicate the nature of the allergy nor inform the hospital that she was allergic to cigarette smoke.
The area in which Mrs. Billman worked was a non-smoking area and is separated from the rest of the hospital by a wall and a door. Nevertheless, Mrs. Billman complained to her supervisor that she was having problems with her allergy and that she was bothered by cigarette smoke. In an effort to accommodate Mrs. Billman, a new ventilation system was installed in the medical records section and Mrs. Billman's desk was moved away from a door which connected the area with a doctors' lounge, in which smoking was permitted. After this, there was no smoke in the area on any routine basis. Nevertheless, Mrs. Billman again complained of problems with her allergy and requested a transfer to another section of the hospital. After being informed that there was no other section in the hospital where she would be in less contact with smoke, Mrs. Billman voluntarily resigned.
After her resignation, Mrs. Billman filed a claim for unemployment compensation benefits with the Louisiana Office of Employment Security (agency). On July 10, 1982, the agency issued a Notice of Claim Determination disqualifying Mrs. Billman from benefits. Mrs. Billman appealed the agency's decision to the Appeals Tribunal, and after a hearing, the Appeals Referee affirmed the agency's determination. From the Appeals Tribunal Mrs. Billman appealed to the Board of Review, which also denied benefits and affirmed the decision of the Appeals Referee.
Mrs. Billman then petitioned the Twenty Second Judicial District Court for the Parish of St. Tammany for review of the decision of the Board of Review. The hospital *384 and all interested parties filed answers to Mrs. Billman's petition, along with a copy of the record of the administrative proceedings. The district court, without conducting a hearing or allowing the presentation of briefs or written arguments, rendered judgment in favor of Mrs. Billman, overturning the decision of the Board of Review.

ASSIGNMENTS OF ERROR
The hospital now appeals this judgment of the district court and asserts the following assignments of error:
(1) The trial court erred in failing to afford the defendant-appellant (hospital) a meaningful opportunity to be heard.
(2) The trial court erred in finding that Mrs. Billman left her employment for good cause connected with her employment, and, therefore, was entitled to unemployment compensation benefits.

I
Defendant contends that in deciding the case without a hearing, the district court denied defendant its fundamental due process of law as guaranteed by article I, section 2 of the Louisiana Constitution and the fourteenth amendment of the Constitution of the United States.
Due process requires, at a minimum, that persons forced to settle their claims of rights and duties through the judicial process must be given notice and a reasonable opportunity to be heard. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Saizan v. Saizan, 311 So.2d 281 (La.App. 1st Cir.1974). It has long been recognized that due process necessitates a hearing before final action and that all persons are entitled to their "day in court." Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1st Cir.1955).
In the instant case, both plaintiff and defendant had filed requests for written notice of the date fixed for a hearing. However, three weeks after the Administrator filed the Agency's answer, the district court rendered its judgment without any notice to either party, and without a hearing of any sort. The district court based its decision on the pleadings and the record of the administrative proceedings. We conclude that this violated the defendants' right to a hearing and due process.
Mrs. Billman contends that the case of Vernon v. Seitz, 399 So.2d 723 (La.App. 1st Cir.1981) is controlling and since defendants did not request a hearing before the district court within a reasonable time, the judge was justified in rendering a judgment without conducting a hearing.
In Vernon v. Seitz, this court affirmed a judgment of the district court without a hearing in a case involving an appeal from a decision of the Board of Review. However, the Vernon decision was based on the fact that the petitioner for review before the district court (the employer in that case) twice continued the proceeding and allowed two months to lapse without moving to reset the matter for hearing. The district court was justified in rendering a judgment without a hearing in that the petitioner had been afforded a reasonable opportunity to be heard, but did not invoke that opportunity.
In the instant case, the petitioner for review by the district court was the employee and the employer-defendant is complaining of the lack of a hearing. Since the employer was not the party seeking review, he was under no duty to take any steps to bring the case before the district court for a hearing. This duty lies with the plaintiff-petitioner.
Based on this, we conclude that Vernon v. Seitz is not controlling and that the employer-defendant was denied his right to due process.

II
In its second assignment of error, defendant contends that the district court erred in finding that Mrs. Billman left her employment for good cause connected with her employment. The hospital alleges that the district court misapplied the appropriate *385 standard of review to the decision of the Board of Review.
Judicial review of the findings of the Board of Review is strictly limited to a determination of whether the facts as found by the agency are supported by competent evidence, and whether the facts, as matter of law, justify the action taken. Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir. 1983). Judicial review of the findings of fact by the agency does not permit the weighing or re-evaluation of evidence, drawing of inferences, or the substitution of the views of the reviewing court for that of the agency. Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977).
In the instant case, the district court found that the agency's findings of fact were supported by sufficient evidence, but the court disagreed with the agency's legal conclusions based on those facts. However, the facts as relied on by the district court in support of its legal conclusions are inconsistent with the facts as found by the agency.
The trial judge found that residual smoke and its bi-products escaped into the non-smoking area in which Mrs. Billman worked, and the hospital's efforts to accommodate Mrs. Billman did not alleviate the problem. However, the agency's findings were that "there was no evidence presented by claimant to substantiate that there was any smoke in the area on a routine basis following the installation of the ventilation system." Also, the district judge's findings indicate that the area was "smoke contaminated," but the agency's findings were that the area was a nonsmoking area and, as previously mentioned, there was no evidence of any smoke in the area on a routine basis. Furthermore, the district judge found that Mrs. Billman quit her job after her physician informed her that she could not work in an area where she would come into contact with smoke or smokers. The agency's findings, however, were that Mrs. Billman's doctor stated only that she not work around smoke. Finally, the district court found that the area in which Mrs. Billman worked was adjacent to a smoke filled room. The agency found that the area was adjacent to a doctor's lounge, but that a door, which was generally closed, separated the two.
The district judge correctly found that sufficient evidence supported the agency's findings of facts. However, in substituting his legal conclusions for the agency's, the district judge erroneously re-evaluated and weighed the evidence. As previously mentioned, this is not the function of the district court in reviewing the fact findings of the agency.
The applicable rule as to resignation due to working conditions was stated by our brethren of the Third Circuit in the case of McGinnis v. Moreau, 149 So.2d 188, 190 (La.App. 3rd Cir.1963) as follows:
Under this statutory provision, mere dissatisfaction with working conditions does not constitute "good cause" for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker's physical fitness, qualifications, earning ability, and the like.
See also: Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3d Cir. 1981).
Applying this rule to the facts of the present case as found by the agency, Mrs. Billman did not have good cause to leave her employment. There was no evidence that the allergy was caused, aggravated, or worsened by her employment. Especially is this true when considering that the allergy pre-existed her employment with the hospital and that she failed to inform the hospital of her condition. There was no change in the working conditions. This coupled with the fact that no *386 smoke was present in the non-smoking Medical Records Section in which she was employed, leads us to conclude that the trial judge was in error in reversing the Board of Review.
Both the district judge in his reasons for judgment and Mrs. Billman in her brief rely on the case of Harris v. Woodcrest Mobile Homes, 359 So.2d 243 (La.App. 2d Cir.1978) for the proposition that an employee cannot be forced to work in an area hazardous to his or her health, and voluntary resignation from such a job does not preclude unemployment compensations benefits.
In Harris, an unemployment compensation claimant had been employed as a roofer and a carpenter in a mobile home factory for one and one-half years. As an incident to his employment, he was regularly exposed to fiberboard dust. During the span of his employment, the claimant developed an allergy to this dust and was forced to resign from his employment. The employer could not provide him with employment in an area in which he would not be exposed to the dust. The court upheld the claimant's eligibility for unemployment compensation benefits, finding that he was able to and available for work of a nature and in a place where he would not be exposed to the dust.
However, Harris is not controlling and is distinguishable from the present case. In Harris, the claimant had been employed for one and one-half years before developing the allergy. In the present case, Mrs. Billman had developed her allergy long before her employment with the hospital and did not inform the hospital of her allergy until she had worked for four months. In addition, the claimant in Harris, was regularly exposed to the fiberboard dust and his employer could not provide him with a dust-free work environment. In the present case, there was no evidence to establish that Mrs. Billman was regularly exposed to smoke, and the area in which she worked was a non-smoking area. Also, the nature of the allergy, in the Harris case was different than Mrs. Billman's allergy. The employee in Harris was allergic to fiberboard dust, which is apparently limited to a particularized industry. In the present case, Mrs. Billman is allergic to cigarette smoke, which is much more widely present in work environments than is fiberboard dust. Harris is not controlling on this case.
For the above and foregoing reasons, the judgment of the district court is reversed and the judgment of the Board of Review is reinstated at the cost of plaintiff-appellee, Evelyn Billman.
REVERSED AND RENDERED.