499 So.2d 1278 (1986)
Scottie BONNER
v.
C.J. BLACHE, Administrator of the Louisiana Office of Employment Security and Holsum Sunbeam Bakery.
No. CA 5370.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1279 Michael C. Garrard, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for appellant.
Marian M. Hamilton, New Orleans Legal Assistance Corp., New Orleans, for appellee.
Before REDMANN, GULOTTA and CIACCIO, JJ.
CIACCIO, Judge.
Holsum Bakeries, Inc. appeals a district court judgment which reversed a decision of the Board of Review of the Louisiana Department of Employment Security disqualifying plaintiff from receiving unemployment compensation benefits. The district court ordered the matter remanded to the Department of Employment Security for payment of benefits to which plaintiff is entitled. We affirm.
Under La.R.S. 23:1634 judicial review of decisions of the Board of Review is confined to questions of law. The factual findings of the Board of Review are conclusive, if supported by sufficient evidence and in the absence of fraud. Two questions of law are presented for resolution by the court:
1) Are the findings of fact supported by sufficient, legal, competent evidence as a matter of law?
2) Based on those findings, are the legal conclusions of the Board of Review correct?
The following findings of fact are essentially undisputed and are supported by the evidence.
The claimant worked for [Holsum Bakeries, Inc.] from February 12, 1982 until November 2, 1983 as a maintenance mechanic.
On August 23, 1983, the claimant was given a letter of introduction to operating engineers for engineer's license and a written instruction to present the letter of introduction to that organization to obtain a 3rd Class Boilers and a 3rd Class Refrigeration license. He was in structed, in writing, to post his license in the plant engineer's office by October 25, 1983. On November 2, 1983, the plant engineer asked the claimant about the status of his application for his licenses. The claimant informed the plant engineer that he had not applied for the licenses as he did not know where to go to apply as he had lost the letter of introduction. After receiving that information, the plant engineer discharged the claimant for failing to follow instructions. At the time that the claimant was hired, he was given a copy of the rules of the employer which specified that failing to obey orders of a supervisor could result in disciplinary action, including discharge (Employer Exhibit IV).
The appeals referee decided that claimant's discharge resulted from misconduct *1280 connected with his employment and that, therefore, under La.R.S. 23:1601(2) claimant was disqualified for benefits. The Board of Review affirmed the decision of the appeals referee.
Within the meaning of La.R.S. 23:1601(2) "misconduct" has been defined as an act of wanton or wilfull disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect from his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employee's duties and obligations to the employer. Brown v. Lockwood, 380 So.2d 685 (La.App. 4th Cir.1980). In short, "misconduct" is used to connote intentional wrongdoing. Banks v. Administrator of Department of Employment, 393 So.2d 696 (La.1981).
Claimant testified that he lost his letter of introduction which he had received on August 23, 1983, when he let another employee use his work locker where he had placed the letter. After losing the letter claimant forgot about it until reminded of its instructions on November 2, 1983. Claimant testified that his supervisor initially gave him another memo so that he could go apply for his licenses, but that later that day discharged him for not having gone sooner to apply.
Claimant's conduct does not exhibit the quality of wanton or wilfull disregard of his employer's interests or that of intentional wrongdoing which characterizes the "misconduct" which will disqualify a claimant from receiving unemployment compensation benefits. We are not holding that for his employer's purposes claimant's behavior did not warrant his discharge. We hold that as a matter of law claimant's conduct was not the type of "misconduct" which under La.R.S. 23:1601(2) disqualifies claimant from receiving benefits.
Accordingly, we affirm the judgment of the district court.
AFFIRMED.