511 So.2d 40 (1987)
David Walker ARCENEAUX, Plaintiff-Appellant,
v.
ADMINISTRATOR, OFFICE OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR, State of Louisiana, and Henley Drilling Company, Defendants-Appellees.
No. 86-682.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
D. Kent Savoue, Sulphur, for plaintiff-appellant.
Plauche, Hartley, Etc., Mark D. Sikes, Lafayette, James A. McGraw, Baton Rouge, for defendants-appellees.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
This unemployment compensation case involves an appeal from a judgment rendered by a district court affirming the administrative determination disqualifying appellant from receiving benefits. We affirm.
After leaving the employ of Henley Drilling Co. (Henley) appellant, David W. Arceneaux, filed a claim for unemployment compensation benefits with the Louisiana Office of Employment Security (Office). The Office determined that appellant was disqualified from receiving benefits by La. R.S. 23:1601(1) because he left his employment without good cause connected with his employment.
*41 Mr. Arceneaux appealed that decision to an Appeals Referee who, after hearing the testimony of appellant, his witness Paul Junot, and a representative from Henley, Robert Thomas, and also apparently reviewing some documentary evidence, affirmed the decision of the Office. The Board of Review later affirmed the decision reached by the Appeals Referee. Appellant then sought judicial review of the Board of Review's decision. The district court affirmed that decision and appellant now appeals claiming that there was insufficient evidence to support the factual findings by the Board of Review.
Under La.R.S. 23:1634 the factual findings of the Board of Review are, in the absence of fraud, conclusive if supported by sufficient evidence. Ducote v. Louisiana Office of Employment Security, 401 So.2d 1087 (La.App. 3rd Cir.1981). There is no allegation or evidence of fraud in the instant case. Two questions of law are presented for resolution by this court:
(1) Are the findings of fact by the Board of Review supported by sufficient evidence?
(2) Based on those findings, are the legal conclusions of the Board of Review correct?
Sell v. Employment Security, 499 So.2d 1285 (La.App. 4th Cir.1986); Bonner v. Blache, 499 So.2d 1278 (La.App. 4th Cir. 1986).
Appellant contends that the factual findings of the Appeals Referee, whose decision was affirmed by the Board of Review based upon those findings, were based on hearsay evidence which is not sufficient evidence as required by La.R.S. 23:1634. We agree that hearsay evidence, while admissible in an administrative hearing, is not competent evidence and cannot be considered by this court in determining whether the factual findings of the Board of Review are supported by "sufficient evidence" as required by La.R.S. 23:1634. Wilkerson v. State Office of Employment Security, 439 So.2d 506 (La.App. 1st Cir. 1983).
Hearsay evidence is generally described as testimony in court, or written evidence, of a statement made out of court, the statement being offered to prove the truth of the matter asserted therein and thus resting for its value upon the credibility of the out-of-court asserter. Hearsay evidence is considered unreliable and is generally inadmissible. Kikendall v. American Progressive Insurance Company, 457 So.2d 53 (La.App. 1st Cir.1984).
Appellant claims that the findings of fact were based wholly on a written report by Percy Vincent, a toolpusher employed by Henley, and other documents, all of which constituted hearsay evidence. He contends that testimony given by himself and Mr. Junot was ignored by the Appeals Referee. We note that much of the cited testimony of appellant and Mr. Junot consisted of direct references to words spoken by Mr. Vincent during conversations with both witnesses. Such testimony by appellant and Mr. Junot is typically classified as hearsay. However, we will consider some of this testimony not for proof of the truth of the matter asserted therein but for the limited purpose of showing the subjective reason why appellant left the employ of Henley. Used for this purpose the testimony is not hearsay.
The following are the findings of fact by the Appeals Referee:
"The claimant worked for the named employer about 1½ months from June 9, 1984 to July 27, 1984, as a Driller. He was paid $9.85 per hour and worked a regular schedule of twelve hours per day, seven days on and seven days off. About July 26, 1984, the claimant was to take a survey reading. He felt the camera was properly loaded with film discs, however, it was not, so that there was no record of the survey. The company for which the employer was drilling became upset, and asked that the claimant be terminated because of his negligence. He was to be terminated July 29, 1984, at the end of that hitch. The claimant heard from a co-worker, Mr. Paul Junot, that he was to be terminated. He verified this information with the Tool Pusher, Mr. Percy Vincent. At that time, he indicated that he did not wish to *42 return to the job as his mind would not be on his work knowing that the other members of the crew were aware that he would be terminated. He did not report for work as scheduled on the following morning."
During the telephone conference hearing with the Appeals Referee the appellant confirmed the above facts concerning his length of employment, position, rate of pay, and work schedule. He also confirmed the circumstances surrounding the aborted survey. The underlined portion of the factual findings concerning action by the contracting company and the result of that action was based on hearsay evidence. Appellant testified as to what Mr. Junot and Mr. Vincent told him regarding the alleged termination and admitted that he did not report to work the next day. The reasons stated for his not wishing to return to work the next day were also admitted by appellant. He further testified that because his mind would not be on his work he might hurt someone on the job. Other testimony at the hearing by both appellant and Mr. Junot concerning conversations with Mr. Vincent which bear on appellant's decision not to return to work are relevant only if considered for the truth of the matter asserted therein. Such testimony is inadmissible hearsay and may not be considered by this court in assessing the sufficiency of the evidence.
The claimant's sworn testimony alone is sufficient evidence to meet the requirements of La.R.S. 23:1634. Trunkline Gas Company v. Administrator, Department of Employment Security, 364 So.2d 1365 (La.App. 3rd Cir.1978). Reviewing the "competent" evidence in the record we conclude that, other than the underlined portions, the findings of fact of the Appeals Referee, as adopted by the Board of Review, were based upon sufficient evidence as required by La.R.S. 23:1634. The findings based upon hearsay were, we feel, not essential to the Appeals Referee in reaching her decision nor the Board of Review in affirming that decision.
La.R.S. 23:1601 states in part:
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment."
Good cause connected with employment has been interpreted to mean a cause connected with working conditions, ability of the employee to continue employment, availability of transportation to and from work and other factors which affect the employee's ability or right to continue work. Louisiana Department of Corrections v. Administrator, Louisiana Office of Employment Security, 457 So.2d 825 (La.App. 1st Cir.1984); McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975).
We find appellant's reasons for not wishing to return to work were not "good causes connected with his employment" within the meaning of the statute and that this legal conclusion reached by the Board of Review was correct. Appellant appears to have been somewhat disgruntled and embarrassed which were not "good causes". Regarding his testimony that he might hurt someone we are of the opinion that if appellant worked he was obliged to perform in a non-negligent manner. He offered no evidence of any psychological trauma which rendered him incapable of working. His reasons were essentially personal and were therefore not a "good cause".
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against appellant.
AFFIRMED.