GUIDRY, Judge.
This is an unemployment compensation case. On August 2, 1986, claimant, Peggy J. Grace, allegedly voluntarily quit her employment with Piggly Wiggly Bunkie Co., Inc., d/b/a Piggly Wiggly Foods. Plaintiffs claim for unemployment compensation benefits was denied. Thereafter, she appealed this determination to an Appeals Referee who affirmed the denial of benefits on the basis that claimant did in fact quit her job without valid cause. The Board of Review affirmed the decision of the Appeals Referee. Claimant then sought judicial review of the Board of Review’s decision. The trial court affirmed that decision. Claimant has appealed to this court.
FACTS
After a hearing, which included the testimony of claimant, Peggy Lemoine, the deli manager, and Troy Lambert, the assistant store manager, the Appeals Referee made the following findings of fact:
“The claimant was employed by Piggly Wiggly for approximately three years and eleven months. She was employed as a Baker, earning $3.35 per hour and working forty hours per week.
On Friday, August 1,1986, the kitchen was not cleaned properly. Peggy Lem-oine, Deli Manager, left notes to the claimant and co-workers, advising them what duties had to be performed on August 2, 1986. When Ms. Lemoine reported to work, she asked the claimant if she had seen the notes. The claimant stated that she hadn’t because he [sic] did not have time to read the notes. Ms. Lem-oine informed the claimant and the coworkers that they would be expected to do their jobs. The claimant and the coworkers began arguing loudly with Ms. Lemoine, telling her that they were not going to do any more work and Ms. Lemoine could do the work herself. Ms. Lemoine then told the claimant and the co-workers that if they did not want to do the work, they could clock out. The claimant and the co-workers refused to clock themselves out and told Ms. Lem-oine to clock them out. Ms. Lemoine informed the workers that she was going to clock them out for the day and did so. Approximately one hour after this period, Troy Lambert, Assistant Store Manager, telephoned the claimant and the co-workers, asking them to return to work. They refused. During the earlier, loud argument by the claimant, Mr. Lambert attempted on two or three occasions to quiet them down but without success.”
La.R.S. 23:1634 states in pertinent part as follows:
“... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
In Arceneaux v. Administrator, Office of Employment Security, Department of Labor, et al, 511 So.2d 40, 41 (La.App. 3rd Cir.1987), this court articulated the scope of judicial review of the Board of Review’s findings in unemployment compensation cases by stating:
“Under La.R.S. 23:1634 the factual findings of the Board of Review are, in the absence of fraud, conclusive if supported by sufficient evidence. Ducote v. Louisiana Office of Employment Security, 401 So.2d 1087 (La.App. 3rd Cir.1981). There is no allegation or evidence of fraud in the instant case. Two questions of law are presented for resolution by this court:
(1) Are the findings of fact by the Board of Review supported by sufficient evidence?
*1102 (2) Based on those findings, are the legal conclusions of the Board of Review correct?
Sell v. Employment Security, 499 So.2d 1285 (La.App. 4th Cir.1986); Bonner v. Blache, 499 So.2d 1278 (La.App. 4th Cir.1986).”
Claimant contends that the Board of Review’s decision is not supported by sufficient evidence and the district court erred in so finding.
La.R.S. 23:1601(1) provides that a claimant shall be disqualified for unemployment benefits if the administrator finds that he has left his employment without good cause connected with his employment.
In affirming the decision of the claims adjudicator, the Appeals Referee, after hearing the testimony of several witnesses, including claimant, concluded that:
“From the evidence and testimony presented at the hearing it is concluded that the claimant quit her job following a reprimand by the employer. The claimant refused to perform her duties and continued arguing in a loud, disruptive manner. Even after being clocked out for the day, the claimant was asked to return to work, but refused, in effect, quitting her job at that time.”
A review of the transcript of the administrative hearing totally supports the findings of fact and conclusions as to the termination of claimant’s employment with her employer. The evidence shows that claimant was not discharged and was offered a chance to return to work but that she refused to do so. Claimant denies she was offered such an opportunity. The testimony of Peggy Lemoine, deli manager, and Troy Lambert, assistant store manager, contradicts claimant’s denial of said opportunity and is certainly sufficient to support the findings of the Appeals Referee as affirmed by the Board of Review and the trial court. Consequently, claimant is disqualified from receiving unemployment compensation benefits since she voluntarily quit her employment without good cause.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED.