GUIDRY, Judge.
This is an unemployment compensation case. On December 3, 1984, claimant, Angel Negron, allegedly voluntarily resigned his employment with the Army and Air Force Exchange Service. Thereafter, plaintiff made a claim for unemployment compensation benefits which was denied. The initial agency determination denying claimant benefits was based upon the conclusion that Negron had left his employment without good cause and was, therefore, disqualified, pursuant to La.R.S. 23:1601(1); and, secondly that Negron received a pension in such amount and toward which his base employer had contributed so as to be disqualified in accordance with La.R.S. 23:1601(7)(c). Claimant appealed this determination to an Appeals Referee who found that the facts did not justify a finding that claimant left his employment without good cause but did justify a finding that claimant was discharged for misconduct connected with his employment. The Appeals Referee reversed the disqualification under La.R.S. 23:1601(1) and assessed a disqualification under La.R. S. 23:1601(2). The Appeals Referee affirmed the agency’s determination relative to the disqualification pursuant to La.R.S. 23:1601(7)(c). The Board of Review affirmed the decision of the Appeals Referee. Claimant then sought judicial review of the Board of Review’s decision. The trial court affirmed that decision. Claimant has appealed to this court.
.After a hearing, the Appeals Referee made the following findings of fact in regard to the defendant’s claim that plaintiff was guilty of misconduct connected with his employment:
“The claimant was employed from March of 1975, through December 3, 1984, as a Mobile Sales Clerk. He drove a vehicle for thé employer and sold drinks and sandwiches off of the vehicle to military personnel at Fort Polk, Louisiana. He was scheduled to work from 6:00 A.M. to about 3:00 P.M., Monday through Friday. The vehicle which the claimant operated was known as a “Running Chef”. The claimant was paid a commission of 15% for all of the sales made by him.
On December 3, 1984, a security worker for the named employer checked the claimant’s vehicle and discovered that the claimant had put some of his own sandwiches on his vehicle and was selling them. The Central Intelligence Division (sic) at Fort Polk, Louisiana, conducted an investigation and determined that the cost to the employer in lost sales from the claimant’s selling personal merchandise from the employer’s vehicle was $5200.00. The claimant admitted that he *1300 had been selling his own sandwiches from the employer’s vehicle for a lengthy period of time. The claimant signed a promissory note whereby he agreed to pay the named employer $5200.00 for the monetary loss caused by him to the named employer. The employer then told the claimant that, unless he resigned from his employment, he would be discharged for larceny. The claimant resigned on December 3, 1984. When the claimant filed his Unemployment Insurance claim effective December 2, 1984, he stated in writing to his local claims office that he resigned from his job with the named employer to look for a better job.”
La.R.S. 23:1634 states in pertinent part as follows:
“... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
In Arceneaux v. Adm’r, Office of Emp. Sec., et al, 511 So.2d 40, 41 (La.App. 3rd Cir.1987), this court articulated the scope of judicial review of the Board of Review’s findings in unemployment compensation cases stating:
“Under La.R.S. 23:1634 the factual findings of the Board of Review are, in the absence of fraud, conclusive if supported by sufficient evidence. Ducote v. Louisiana Office of Employment Security, 401 So.2d 1087 (La.App. 3rd Cir.1981). There is no allegation or evidence of fraud in the instant case. Two questions of law are presented for resolution by this court:
(1) Are the findings of fact by the Board of Review supported by sufficient evidence?
(2) Based on those findings, are the legal conclusions of the Board of Review correct?
Sell v. Employment Security, 499 So.2d 1285 (La.App. 4th Cir.1986); Bonner v. Blache, 499 So.2d 1278 (La.App. 4th Cir.1986).”
Claimant contends that the Board of Review’s decision is not supported by sufficient evidence and the district court erred in so finding.
La.R.S. 23:1601(1) provides that a claimant shall be disqualified for unemployment benefits if the administrator finds that he has left his employment without good cause connected with his employment.
La.R.S. 23:1601(2) provides that a claimant shall be disqualified for unemployment benefits if the administrator finds that he was discharged for misconduct connected with his employment.
Under somewhat similar facts, our brethren of the Second Circuit in Clemons v. Blache, 501 So.2d 1020 (La.App. 2d Cir.1987), stated at page 1022:
“... The first step in our inquiry is a determination of whether plaintiff voluntarily left his employment, or was forced to resign. If plaintiff voluntarily left his employment, he must show that he left with good cause connected with his employment in order to receive benefits. However, if plaintiff showed that he was forced to resign or was “constructively discharged,” the employer would then have the burden of showing that plaintiff was discharged for misconduct which would disqualify him from receiving unemployment compensation benefits....”
In the instant case, it is undisputed that claimant was forced to resign or was “constructively discharged”. Consequently, the employer bears the burden of establishing that claimant was discharged for misconduct connected with his employment.
In this case the Appeals Referee concluded:
“The testimony and evidence presented in this case indicate that the claimant was discharged from the employment for selling his personal merchandise from the employer’s vehicle, although he was hired to sell only the employer’s merchandise from the employer’s vehicle. The claimant’s conduct showed a willful and deliberate disregard for the employer’s interest. It is determined that the claimant was discharged from the em *1301 ployment for misconduct connected with the employment. He should be disqualified for benefits.”
A review of the transcript of the administrative hearing totally supports the findings of fact and conclusions as to claimant’s disqualification for benefits because of misconduct connected with his employment. The record reflects that claimant was given the choice to either resign or be fired because he was discovered selling his personal merchandise from his employer’s vehicle which resulted in a monetary loss to his employer of $5,200.00. Claimant admits this in his testimony. These facts alone are sufficient to support the legal conclusion of the Appeals Referee as affirmed by the Board of Review and the trial court as to claimant’s disqualification for benefits because of misconduct connected with his employment.
Our affirmation relative to the decision of the Appeals Referee concerning disqualification in accordance with La.R.S. 23:1601(2) renders moot claimant’s assertion that a denial of unemployment compensation benefits under La.R.S. 23:1601(7)(c) was improper.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED.