BOLIN, Judge.
Plaintiff was discharged from his employment with Herrin Transfer and Warehouse Company, Inc., for his alleged failure to report for work one day without timely notifying his employer of his intended absence as required by the'rules of the company. Pursuant to LSA-R.S. 23:1621 et seq., he applied to the defendant agency for unemployment benefits, which claim was denied by the local office. This ruling, affirmed by the Appeals Referee and Board of Review for the Division of Employment Security, was reversed by the district court and from judgment decreeing plaintiff entitled to unemployment benefits the Administrator has appealed.
We note the following from the decision of the reviewing board:
“The claimant worked six years for the above employer as a truck helper earning $1.35 an hour. He took off on September 23, 1961, to go to the Louisiana Ordnance Plant seeking another job. He contends that the work was getting scarce with this company and he was looking for a steady job. He claims he called into the office between 6:30 A.M. and 7:00 A.M., but he could not get anyone on the phone. The office opens at 7:00 A.M., but he could not wait until then to call because of his ride to the Louisiana Ordnance Plant. The claimant testified that he was required to report each morning whether they worked or not. He maintains he was in proper uniform when he reported back to work on September 25, 1961. “The evidence shows that the claimant was discharged when he failed to properly notify his employer of his absence. His separation was brought about by his own actions which were cause for dismissal. The decision of the Appeals Referee, upholding the Agency’s determination, is correct.”
Under LSA-R.S. 23:1634 the courts are bound to accept the findings of the board of review as to the facts, if supported by sufficient legal evidence. Therefore, our duty herein is twofold: first, to decide whether there is sufficient legal evidence to support-the factual findings of the administrative agency; second, if such findings are properly founded, to determine whether they disqualify the applicant as a matter of law for benefits under the act.
Giving consideration to the first question, we find the only evidence adduced before the Appeals Referee was the testimony of plaintiff. He admitted he telephoned the employer’s office only one time to notify it of his intention to miss work. He further testified he knew the office was not customarily open at the hour he called. Although claimant had stated in his application for benefits that he notified a lady in the office of his intended absence, nevertheless, in his sworn testimony before the Referee he conceded this was not so. Since he offered no evidence requiring refutation by his employer the findings of fact are clearly supported by sufficient legal evidence.
In answer to the second question, we think the employee’s dereliction of duty was misconduct under the pertinent portions of the statute. He made no reasonable effort to notify his employer of his intended absence. This was certainly a deliberate violation of the company’s rules and a disregard of his employer’s interest since the company had no way of knowing of his whereabouts or how he could be reached.
*457 For the reasons stated, the judgment of the district court is reversed and set aside and the decision of the Board of Review for the Division of Employment Security, Department of Labor of the State of Louisiana, is re-instated and plaintiff-appellee’s suit is dismissed.
Reversed.