HOOD, Judge.
Plaintiff, an employee of Holiday Inn, was discharged for alleged misconduct connected with her employment. She sought unemployment benefits from the Division •of Employment Security of the Department of Labor, State of Louisiana, but her claim was denied by an agent of the administrator. On appeal, the agency’s determination of her claim was affirmed by the Appeals Referee and by the Board of Review. She then instituted this action seeking a review of the decision of the Board of Review. The district court rendered judgment upholding the decision of the Board of Review and dismissing the suit, and plaintiff thereupon appealed to this court.
The record shows that plaintiff had worked as a maid for Holiday Inn, in Alexandria, for about 13 months immediately prior to October 26, 1965. As a part of the duties of her employment she was required to clean eleven rooms each day. She was discharged from her employment on the above mentioned date, and the employer assigned as the reason for her discharge that she had failed to comply with the instructions of her employer relating to the cleaning of rooms.
The Appeals Referee found that, “She was given specific instructions by the housekeeper to dust the bathroom mirror lights and behind the television sets each day. This was after the housekeeper noticed that she was not doing this. She was also told to do these duties each day by the manager. After a week, her rooms were checked again and the housekeeper found that she was not following instructions and was discharged.” The Referee concluded that her discharge was for “misconduct connected with the work,” and he thus affirmed the determination of the agency to the effect that she was disqualified from unemployment compensation benefits. The Board of Review found no error in the ruling of the Referee, and the trial court concluded that “there is ample evidence in the record to sustain the finding of the Board of Review.”
Plaintiff admitted that one week before her employment was terminated she was instructed by the housekeeper to dust in the two areas above mentioned, but she stated that she had complied with those instructions. The housekeeper and the assistant manager of Holiday Inn testified *337 that plaintiff had been given specific instructions by the housekeeper and the manager to dust in those areas, that plaintiff had complained that she couldn’t do general cleaning every day, that she was informed that this did not constitute general cleaning and that it must be done, and that one week later they checked the rooms which plaintiff had cleaned and found that she had not complied with their instructions. There is substantial evidence, therefore, which reasonably tends to sustain the findings of fact made by the agency, by the Appeals Referee and by the Board of Review.
The Louisiana Employment Security Law requires that courts accept the findings of the Board of Review as to the facts, “if supported by sufficient evidence,” and it provides that “the jurisdiction of the court shall be confined to questions of law.” LSA-RS 23:1634. Courts ordinarily will not upset a factual determination by an administrative agency based upon the acceptance of one of two or more opposing versions of an incident by witnesses; and when the evidence presented at an administrative hearing is open to several reasonable constructions, the courts will accept the construction of the evidence which the administrative agency has reasonably made in reaching its factual determination. Mc-Ginnis v. Moreau, La.App. 3 Cir., 149 So.2d 188; Turner v. Brown, La.App. 3 Cir., 155 So.2d 276; Barber v. Lake Charles Pipe and Supply Company, La.App. 3 Cir., 148 So.2d 326.
Since the findings of the Board of Review as to the facts are supported by sufficient evidence, and we think the Board has placed a reasonable construction on the evidence, we conclude that plaintiff did fail to comply with instructions which she received from her employer relative to the performance of her duties.
Plaintiff contends that her failure to observe these instructions was not an act of “misconduct,” as that term is used in LSA-RS 23:1601(2). In Horns v. Brown, 243 La. 936, 148 So.2d 607, our Supreme Court, quoting from 48 Am.Jur., Social Security Unemployment Insurance, Sec. 38, P. 541, said:
“Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.”
In Rachal v. Brown, La.App. 3 Cir., 136 So.2d 74, we held that a claimant who failed to comply with an oral warning and with signs prohibiting smoking in a lumber yard was disqualified from unemployment benefits because of misconduct. In Holmes v. Brown, La.App. 2 Cir., 147 So.2d 25, the Second Circuit Court of Appeals held that a taxi driver who failed to maintain contact with the dispatcher for three hours, in violation of company rules, was disqualified for unemployment benefits because of misconduct. Our brothers of the Fourth Circuit Court held that an employee who “did nothing but complain” when new duties were assigned to her was disqualified for unemployment benefits because of misconduct. See Fruchtzweig v. Southern Specialty Sales Company, La.App. 4 Cir., 161 So. 2d 374. And, in Ware v. Brown, La.App. 2 Cir., 147 So.2d 455, an employee was held to be disqualified for unemployment benefits because of misconduct, when he failed to make a reasonable effort to notify his employer of his intended absence.
In the instant suit, we conclude that the failure of the plaintiff to comply with the specific instructions which were given to her by the housekeeper and by the manager relating to the dusting of rooms constitutes “misconduct connected with her *338 employment,” sufficient to support the decision of the Board of Review and the trial court. The trial court, therefore, correctly affirmed the decision of the Board of Review to the effect that plaintiff is not entitled to recover unemployment benefits.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plainti f f-app ellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.