274 So.2d 438 (1973)
Jimmy Dorsey ATKINS, Plaintiff-Appellee,
v.
F. C. DOYAL, Administrator, et al., Defendants-Appellants.
No. 9226.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
*439 William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellant Schuylkill.
Marion Weimer, Baton Rouge, for defendant-appellee Doyal.
Jerry H. Smith, Baton Rouge, for Atkins.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is an appeal by Schuylkill Metals, Inc., employer of plaintiff-claimant, Jimmy Dorsey Atkins, from the decision of the trial court reversing a ruling of the Louisiana Board of Review and declaring claimant entitled to unemployment compensation benefits.
Plaintiff was discharged from his employment at Schuylkill Metals Corporation on August 25, 1970. He subsequently applied to the Louisiana Department of Employment Security for unemployment compensation benefits, which benefits were denied on grounds that he was discharged from his employment under circumstances constituting disqualifying misconduct pursuant to R.S. 23:1601(2). Atkins then filed an appeal to the Appeals Referee, who, after due hearing, affirmed the denial of benefits. Atkins then invoked judicial review of the decision of the Board of Review. The trial court reversed the ruling of the Board of Review and granted unemployment compensation benefits to claimant. From that decision the employer brings this suspensive appeal. The Louisiana Department of Employment Security has also filed a brief in this matter but does not appear to seriously dispute the claimant's right to the benefits awarded below.
The findings of fact made by the Appeals Referee and those set out by the trial judge in written reasons for judgment are substantially identical and show that the claimant had been employed by the Schuylkill Metals Corporation as a foreman trainee for some three months prior to his discharge. On August 24, 1970, the day before he was fired, claimant was reduced to a laborer because he was making unsatisfactory progress as a foreman trainee, but his pay rate remained unchanged. Plaintiff worked one full eight hour shift as a laborer.
The following day at the conclusion of a safety meeting Mr. Wallace Parsons, Schuylkill's plant superintendent, opened the floor to questions. Plaintiff took the floor and asked Parsons how he expected to get top production from his employees when he cursed them. Parsons replied that he did not curse his employees, whereupon claimant accused Parsons of having cursed him two days previously. Parsons denied this and testified before the Appeals Referee that at this point claimant called him a liar. Claimant testified that it was Parsons who called him a liar. Parsons stated that he then told claimant that if he felt that way he was fired. Parsons and claimant left the room but Parsons returned shortly thereafter and told the rest of the employees that if they felt the same way, they were fired too.
The sole issue presented by this case is whether claimant's conduct constituted "misconduct" within the meaning of *440 R.S. 23:1601(2) so as to disqualify him from receiving unemployment compensation benefits.
Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963); Payne v. Antoines Restaurant, 217 So.2d 514 (4th La.App.1969); Heard v. Doyal, 259 So.2d 412 (2nd La. App.1972).
It is well established that it is the duty and obligation of the employer to prove the acts of disqualifying misconduct connected with the claimant's employment. Gardere v. Brown, 170 So.2d 758 (1st La. App.1964). The initial conclusions of the Appeals Referee and the Board of Review were to the effect that claimant's actions constituted disqualifying misconduct connected with his employment.
A judicial review of the findings of the Board of Review in unemployment compensation cases is limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. R.S. 23:1634; Gardere v. Brown, supra. The trial court in reviewing the denial of benefits by the Board of Review held that plaintiff's actions did not constitute disqualifying misconduct. We affirm.
Defendant, Schuylkill Metals Corporation, argues in brief that the actions of claimant in making accusations against and arguing with the plant superintendent in the presence of other employees constituted disqualifying misconduct under LSA-R.S. 23:1601(2). While this argument is persuasive as to the right of the employer to discharge his employee, it does not necessarily follow that such circumstances will warrant a disqualification of claimant from receiving unemployment compensation.
In support of this contention defendant cites several cases in which benefits were denied because of insubordination toward the employer. In Rankin v. Doyal, 223 So.2d 214 (2nd La.App.1969) the claimant was denied benefits on the grounds that he failed to follow orders and he addressed the employer with profane and abusive language. In Jackson v. Doyal, 198 So.2d 469 (2nd La.App.1967) benefits were denied based on the employee's violation of instructions as to the methods to be used in loading a truck. In Ross v. Holiday Inn, 191 So.2d 335 (3rd La.App.1966) the employee failed to follow the instructions of her employer in performing the cleaning duties assigned to her. In Persley v. Brown, 160 So.2d 437 (2nd La.App.1964) the court found that repeated tardiness was sufficient misconduct to warrant disqualification.
In the case at bar no such violation of a rule or instruction of the employer has been alleged or proved. In fact, the record and findings of the Appeals Referee show that Mr. Parsons actually invited questions and comments from the floor at the meeting on August 25, 1970. The statements and actions of claimant at that meeting show that he was argumentative in his discussion with Mr. Parsons. However, our review of the record convinces us that the testimony is in substantial conflict as to when the accusations concerning who called who a liar occurred and whether these accusations occurred before or after claimant was, in fact, fired. It is claimant's position that he did not accuse Mr. Parsons of lying until after the former had *441 discharged him and this was after the meeting and not in the presence of other employees. Mr. Parsons' testimony is to the contrary, namely, that he was called a liar by claimant in the presence of other employees.
The testimony of the two other witnesses adds nothing to a resolution of this point. The charge against claimant reads as follows: "This man's work was unsatisfactory, when he was informed of this he became belligerent and was fired."
Mr. Parsons, in response to the last question posed to him relative to his reason for discharging claimant, answered as follows:
"I discharged you (claimant) for what I considered to be a false allegation that I had cursed you, and I felt that it was detrimental to the working of the plant for me to continue to try to work a man who felt that way."
While undoubtedly there were cross accusations between the claimant and his supervisor, the record satisfies us that these accusations occurred after claimant was discharged. Further, that the real reason the claimant was discharged was that in the open meeting, in response to an invitation to questions from the floor, claimant asked his supervisor, "How did he expect to get top production out of his men if he cursed them?".
Misconduct sufficient to deprive the claimant of unemployment compensation requires more than a mere showing of unsatisfactory conduct as a result of errors in judgment or discretion committed in good faith. Turner v. Brown, 134 So.2d 384, 387 (3rd La.App.1961). We find that in the instant case claimant was sincere in his belief that he had been cursed previously and his attempt to discuss this at the safety meeting was made in good faith. While poor judgment may be grounds for discharging an employee it certainly should not be grounds for disqualification of the employee from receiving unemployment compensation benefits.
Therefore, for the above reasons, the judgment appealed from is affirmed. The employer, Schuylkill Metals Corporation, is cast for all costs.
Affirmed.