BARON B. BOURG, Judge Pro Tem.
This is an appeal by Rowley Company, Inc. (Rowley), employer of plaintiff-claimant, Richard E. Jones, Sr., from the decision of the trial court reversing a ruling of the Louisiana Board of Review declaring claimant not entitled to unemployment compensation benefits.
Plaintiff was discharged from his employment at Rowley on April 15, 1971. He subsequently applied to the Louisiana Department of Employment Security for unemployment compensation benefits, which benefits were granted on a determination that there was insufficient evidence to hold that he was discharged from his employment under circumstances constituting disqualifying misconduct pursuant to R.S. 23:1601(2). Rowley then filed an appeal to the Appeals Referee who, after due hearing, reversed and denied benefits. Jones then invoked judicial review of the decision of the Board of Review. The trial court reversed the ruling of the Board of Review and granted unemployment compensation benefits to claimant. From that decision the employer brings this devolu-tive appeal.
On a finding that the judgment of the court below is incorrect, we reverse and reinstate the decision of the Board of Review.
The defendant-employer was in the business of selling office supplies and equipment and the plaintiff was employed as their shipping foreman. While at work plaintiff became involved in a heated argument with a co-employee. Operations in the shipping department were disrupted until the argument was stopped. The following day plaintiff was discharged from his job for misconduct during working hours.
Defendant-appellant contends that plaintiff threatened the life of a fellow worker during the course of the subject incident and that this was the last and most severe of a series of disruptive incidents that plaintiff had caused. Defendant further contends that after each incident his office manager would call the plaintiff in to his office and discuss the problems of his conduct with him. He would warn the plaintiff that these disruptions caused loss of time and efficiency in the office and that he must learn to work harmoniously with his fellow employees.
Plaintiff denies involvement in any prior incidents and denies the existence of any discussions between the office manager and himself concerning his misconduct at work. While admitting the occurrence of the incident in question he denies ever threatening the life of his fellow employee and contends that he was fired without cause and without notice that his employer was claiming his discharge was for misconduct during working hours.
In the case of Atkins v. Doyal, 274 So.2d 438 (La.App.1973) the court stated:
“It is well established that it is the duty and obligation of the employer to prove the acts of disqualifying misconduct connected with the claimant’s employment. Gardere v. Brown, 170 So.2d 758 (1st La.App.1964). The * * * conclusions of the Appeals Referee and the Board of Review were to the effect that claimant’s actions constituted disqualifying misconduct connected with his employment.
“A judicial review of the findings of the Board of Review in unemployment compensation cases is limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. R.S. 23:1634; Gardere v. Brown, supra. * *
We find evidence in the record to support the factual conclusions of the Board of Review. The sole issue before us therefore is whether the plaintiff’s conduct constituted “misconduct” within the meaning of R.S. 23:1601 § 2 so as to disqualify him from receiving unemployment compensation benefits.
*139 As further stated by the court in Atkins v. Doyal, supra:
“Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer’s rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest of evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963); Payne v. Antoines Restaurant, 217 So.2d 514 (4th La.App.1969); Heard v. Doyal, 259 So.2d 412 (2nd La.App. 1972).”
The plaintiff’s conduct displayed a definite disregard of standards of behavior which his employer had a right to expect. The record bears out the fact that this was not an isolated incident but the last in a series. After each incident plaintiff’s misconduct was brought to his attention and he was requested to try to cooperate with his co-workers.
Several prior cases in this State aid to illustrate what the courts consider misconduct within the meaning of R.S. 23:1601(2).
In Atkins v. Doyal, supra, the court stated:
“ * * * In Rankin v. Doyal, 223 So.2d 214 (2nd La.App.1969) the claimant was denied benefits on the grounds that he failed to follow orders and he addressed the employer with profane and abusive language. In Jackson v. Doyal, 198 So.2d 469 (2nd La.App. 1967) benefits were denied based on the employee’s violation of instructions as to the methods to be used in loading a truck. In Ross v. Holiday Inn, 191 So.2d 335 (3rd La.App. 1966) the employee failed to follow the instructions of her employer in performing the cleaning duties assigned to her. In Persley v. Brown, 160 So.2d 437 (2nd La.App. 1964) the court found that repeated tardiness was sufficient misconduct to warrant disqualification.”
The conduct of the plaintiff in the present case is more severe than any of the above cited cases. We find therefore that plaintiff’s conduct at work clearly falls within the definition of “misconduct” envisioned in R.S. 23:1601(2) and he is disqualified from receiving unemployment compensation benefits.
For the foregoing reasons, the judgment of the lower court is reversed and the judgment of the Board of Review denying compensation is reinstated.
Reversed.
MORIAL, J., dissents with written reasons.