317 So.2d 282 (1975)
LOUISIANA HOSPITAL SERVICE, INC., Plaintiff-Appellant,
v.
Peggy BOOKTER and the Administrator of the Department of Employment Security of the State of Louisiana, Defendant-Appellee.
No. 10355.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Writ Refused October 17, 1975.
John S. White, Jr., Baton Rouge, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendant-appellee.
Before SARTAIN, ELLIS and BARNETTE, JJ.
SARTAIN, Judge.
This is an appeal by Louisiana Hospital Service, Inc. (formerly Blue Cross of Louisiana), former employer of defendant-claimant *283 Peggy Bookter, from a decision of the trial court affirming a ruling of the Board of Review for the Department of Employment Security finding claimant innocent of any misconduct which would disqualify her from receiving unemployment compensation benefits. We affirm.
The record shows that plaintiff terminated claimant's employment on November 19, 1973. Thereafter claimant filed a claim for unemployment compensation benefits, which claim was denied. On appeal to the Appeals Tribunal for the Department of Employment Security the appeals Referee held claimant disqualified for benefits on grounds that she was discharged under circumstances constituting misconduct within the meaning of R.S. 23:1601(2). Pursuant to R.S. 23:1630 the Board of Review of the Department of Employment Security upon request by claimant initiated a review of the Referee's decision and reversed, finding no misconduct within the meaning of the statute. The Board's findings are set out below:

"EVIDENCE
"The evidence shows that the claimant worked for Blue Cross of Louisiana in Baton Rouge, 39 months as a Clerk and her salary was $415 per month. Her work schedule was Monday through Friday, from 8:00 a. m. until 4:15 p. m. On November 16, 1973, the claimant requested permission to leave her job at three o'clock to keep a doctor appointment. The claimant's afternoon break was from 2:40 p. m. until 2:55 p. m. When the claimant began her break on this particular afternoon, she went to the parking lot to see if her car would start, as she had had trouble with it and when she started it, she moved her car closer to the building. The claimant did not leave her work area until after three o'clock. In the testimony given by the witness for the employer, Mrs. Bank stated she saw the claimant drive off the parking lot, and another statement at the close of the hearing, she stated that she did not see the claimant leave the premises. The claimant stated that she did not clock out as she forgot and other times when she failed to clock out or in, she would take her card to the Assistant Manager, or the Manager, and they would sign it stating the time. The claimant presented her doctor's card signed as one of the requirements. Her leaving before three o'clock would have been authorized leave without pay. The claimant work on November 19, 1973, which was Monday following her leaving on Friday, until 4:20 p. m. when she was called to the Personnel Office and Mr. Prejean informed the claimant she was fired for misconduct.

"OPINION
"R.S. 23:1601(2) provides that a claimant shall be disqualified when discharged for misconduct connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
"After carefully reading all of the testimony and evidence presented in this case, the Board of Review finds that there is conflicting testimony. We find that the claimant had been granted permission to leave early and the claimant testified that she did not leave the building before 3:00 p. m.
"We, therefore, conclude that the claimant is not guilty of misconduct within the meaning of the Act.
"IT IS ORDERED that the decision of the Appeals Referee be reversed and the disqualification removed."
*284 Plaintiff sought judicial review of the above decision pursuant to R.S. 23:1634 and the trial court affirmed.
On appeal to this court plaintiff contends that the trial court erred in concluding that there was sufficient evidence to support the Board's finding of fact, and further, the court erred in failing to find a misapplication of the law by the Board.
Where judicial review is sought in unemployment compensation cases the finding of the Board of Review as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. R.S. 23:1634. We have reviewed the evidence before the Board and find it amply supportive of the Board's findings.
We find no merit to plaintiff's argument that we should give greater credence to the findings of the Appeals Referee rather than those of the Board since the Referee was able to observe the demeanor of the witnesses and therefore better able to determine the vital issues of credibility presented in this case. It is not the decision of the Appeals Referee which is here called into question, but rather, the decision of the Board of Review which is specifically granted the power to reverse the Appeals Referee even absent new evidence, R.S. 23:1630. It is not for this court to examine the propriety of each decision made at various administrative levels in a specific case. Rather, we are only concerned with the decision of the Board of Review, the administrative level of last resort in cases of this kind, and whether its findings of fact are supported by sufficient evidence. We have found that they are so supported.
Thus the only remaining issue for determination is whether under the facts found by the Board there was disqualifying misconduct by the claimant within the meaning of the statute. In Atkins v. Doyal, 274 So.2d 438 (1 La.App., 1973), we stated:
"Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963); Payne v. Antoines Restaurant, 217 So.2d 514 (4th La.App.1969); Heard v. Doyal, 259 So.2d 412 (2nd La.App. 1972).
It is well established that it is the duty and obligation of the employer to prove the acts of disqualifying misconduct connected with the claimant's employment. Gardere v. Brown, 170 So.2d 758 (1st La.App.1964)."
In the present case the allegation of misconduct against claimant as it is contained in the termination slip states:
"4. REASON FOR SEPARATION. State fully and clearly.
Terminated. Violation of Company Rules and Insubordination.
Mrs. Bookter was seen leaving work on November 16, 1973 at 2:45 pm by a Medicare Supervisor. She left without proper authorization by her Supervisor. She had requested permission to leave at 3:00 pm on that date and this had been approved. She presented her time card to her Supervisor on Monday, November 19, 1973 stating *285 she had forgotten to clock out. When asked what time she left on Friday, she indicated 3:00 pm.
I certify that the above worker whose name and number are entered above has been separated from work and that the information entered above is true and correct. I further certify that the worker whose name and number appear above has been handed or mailed a copy of this report."
The board found as a matter of fact that claimant did not leave until after the approved 3:00 P.M. time and there is sufficient evidence to support this finding. This finding seemingly negates the gravamen of the employer's complaint that claimant left work without proper authorization.
However, the attorney for the employer asserts that there is a second basis for misconduct, that being claimant's failure to clock out on the day in question, thus rendering claimant in violation of a standard company rule. Assuming, arguendo, that this was a reason for her termination (which is not so indicated by the termination slip), we do not feel that under the facts of this case such conduct falls within the legal meaning of misconduct. Claimant is not alleged to be an habitual offender of the company rule in this respect, but is merely charged with failing to clock out on a particular day. As the Board noted, it was common practice for the company's supervisor in such cases to merely fill in the time at which the employee either arrived or departed. We noted in Atkins, supra, that conduct which may give the employer sufficient cause to terminate his employees may not be sufficient to amount to misconduct which would disqualify the claimant from receiving unemployment compensation benefits.
For the above reasons, the judgment of the trial court is affirmed with all costs of these proceedings assessed against the plaintiff-appellant.
Affirmed.