476 So.2d 873 (1985)
Sandra CARTER, Plaintiff-Appellant,
v.
Cecil J. BLACHE, Administrator of the Louisiana Office Employment Security, and Ramada Inn, Defendant-Appellee.
No. 17183-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
*875 North Louisiana Legal Asst. Corp. by John P. Spires, Monroe, for plaintiff-appellant.
Frank T. Scott, Jr., Baton Rouge, for defendant-appellee Louisiana Office of Employment Sec.
Boles & Mounger by Steven G. Williams, Monroe, for defendant-appellee Ramada Inn.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
JASPER E. JONES, Judge.
This is an appeal of a judgment affirming the denial of unemployment compensation. The plaintiff is Ms. Sandra Carter. The defendants are her former employer, Ramada Inn, and the Louisiana Office of Employment Security. The trial court affirmed a decision by the Board of Review finding sufficient evidence of poor work habits, absenteeism, and insubordination to disqualify Ms. Carter from receiving unemployment benefits. We affirm.
The assignments of error made by Ms. Carter present three issues for decision:
1) As a matter of law, can the Board of Review determine that the employer has established Ms. Carter's disqualification by a preponderance of the evidence solely from reading sworn testimony, where Ms. Carter's positive testimony is in direct contradiction to the employer's negative testimony on questions of fact and where there is no other evidence affecting the credibility of the witnesses?;

*876 2) Does the record contain sufficient evidence to justify a finding that Ms. Carter was guilty of work connected disqualifying misconduct in the form of poor work habits, unexcused absenteeism and unprovoked insubordination?;
3) Does Ms. Carter's arrest on a nonwork connected shoplifting offense amount to disqualifying misconduct?
We affirm the judgment of the trial court, without addressing the shoplifting issue, because we have concluded there is sufficient evidence of unprovoked insubordination to support the determination of work connected disqualifying misconduct by the Board of Review.

Facts
Ms. Sandra Carter was employed by the Ramada Inn of Monroe, Louisiana, as a housekeeper. Her employment began in 1980 and ended upon her discharge on April 17, 1982. She filed a claim for unemployment compensation benefits effective April 18, 1982. The Louisiana Office of Employment Security determined that Ms. Carter had been discharged for being undependable and for unprovoked insubordination in that she was in the habit of arguing with her supervisors. On May 4, 1982, she was informed that such actions amounted to disqualifying misconduct connected with her employment.
Ms. Carter appealed this determination and a hearing was held on May 25, 1982, before Mr. Dennis Dykes, Appeals Referee. She asserted the real reason she had been terminated was her arrest on a non-work connected charge of shoplifting. Ms. Carter's attorney was the only party to be present at the hearing. The referee rendered a decision on June 1, 1982, for the employer affirming the determination of the claims interviewer. This decision was based upon the evidence in the record consisting solely of the written statement of the employer's assistant manager, giving the reasons for appellant's discharge, and the written statement of the appellant. The Board of Review affirmed on August 13, 1982.
The trial court, on December 8, 1983, reversed and remanded the case because the Office of Employment Security filed a pleading acknowledging that no evidence had been received by the Louisiana Board of Review supporting the employer's allegations of insubordination and undependability.
A rehearing was held on February 22, 1984, before Ms. Sue Laborde, Appeals Referee. Ms. Carter testified, was represented by counsel and presented Ms. Sheila Ellis as a witness. Ms. Carter offered, without objection, the affidavit of Mr. Lonnie Ignont, a second witness. The employer was represented by Ms. Ollie Mae Collins, Executive Housekeeper, and Ms. Bessie Dickson, Assistant Housekeeper. The record contains no evidence of an independent evaluation by Ms. Laborde as to whether the employer had proven its case by a preponderance of the evidence. On May 9, 1984, the Board of Review upheld its decision of August 13, 1982 affirming the appellant's disqualification for benefits.
The trial court, on September 13, 1984, again reversed and remanded the case as the recordation of the testimony of Ms. Carter taken on February 22, 1984 had not been transcribed and was not a part of the record before the Board of Review
On October 8, 1984, Ms. Laborde, Appeals Referee, again held a hearing. Ms. Carter was represented at this hearing by an attorney. Ms. Carter and a co-worker, Ms. Sheila Ellis testified. She also offered into evidence an affidavit from her mother. Although properly notified, the employer had no representative at this meeting. On October 24, 1984, the Board of Review affirmed its earlier rejections of Ms. Carter's claim. The record contains no evidence of any objection to the introduction of the affidavit nor of any independent evaluation made by Ms. Laborde as to whether the employer had met its burden of proof.
Ms. Carter responded by filing a judicial appeal. The Office of Employment Security also filed a memorandum supporting her position and requesting that the decision of the Board of Review be reversed.
*877 The judgment appealed, which was signed on December 11, 1984, affirmed the October 24, 1984 ruling by the Board of Review.
The trial court's decision was based upon a review of all of the testimony and affidavits submitted in the various hearings. The court found the testimony of the employer's representatives to be clear, unequivocal and concise, establishing absenteeism, poor work habits and acts of insubordination on the part of Ms. Carter. Ms. Carter's testimony, on the other hand, was found to be contradictory as to the dates she was supposed to work and as to her availability for work due to incarceration on the shoplifting charge.
The court did not address the question of whether Ms. Carter had been fired solely for her shoplifting arrest, finding that sufficient evidence was presented at the hearing on February 22, 1984, to support her discharge for disqualifying work connected misconduct.

Issue # 1Determining credibility solely from the record
It is Ms. Carter's contention that, as a matter of law, the employer cannot carry its burden of proof in this particular case. She argues that both parties enjoy an equality of credibility before the Board of Review and trial court as the appeals referee who made the finding against her never took any testimony and the referee who actually did view the testifying witnesses did not make an independent evaluation for the record. Ms. Carter concludes by asserting that as there is no evidence other than the sworn testimony to affect the credence to give to the employer's representatives, then a preponderance of the evidence cannot be established as the law presumes more weight shall be given to her positive testimony, as opposed to the employer's negative testimony, on directly contradicting factual questions.
The appeal tribunal shall make findings and conclusions after an administrative hearing is conducted, LSA-R.S. 23:1629. If the claimant does not participate in the scheduled hearing, the referee shall make its findings and conclusions upon the record, Rule 7 of the Louisiana Board of Review. The Board of Review has the authority to make its own determinations, regardless of the failure of an intermediary appeals referee to make an independent evaluation, as long as the claimant is afforded ample opportunity to confront and cross-examine opposing witnesses and to present his case in full, Hamilton v. La. Health & Human Resources Adm'n, 341 So.2d 1190 (La.App. 1st Cir. 1976), writ denied, 344 So.2d 4 (La. 1977), Louisiana Hospital Services, Inc. v. Bookter, 317 So.2d 282 (La.App. 1st Cir.1975), writ denied, 320 So.2d 561 (La.1975). The scope of judicial review does not extend to an examination of the Board's credibility determination in a specific case but to whether the Board's findings of fact are supported by sufficient evidence, Louisiana Hospital Services, Inc. v. Bookter, supra.
The record clearly establishes that Ms. Carter was given an ample opportunity to cross-examine opposing witnesses and present her case at the hearings held on February 22, 1984, and October 8, 1984. These subsequent opportunities cured any procedural deficiencies in regard to a finding against her by a referee who did not take any testimony and in regard to the lack of an independent evaluation by a subsequent referee who did take testimony and conduct an administrative hearing. We conclude that the Board of Review, as a matter of law, was within its authority in determining solely from a reading of the sworn testimony that the parties were not of equal credibility and that the employer had proven its case by a preponderance of the evidence.

Issue # 2Work connected disqualifying misconduct
Ms. Carter argues that the evidence is insufficient to justify a denial of unemployment benefits. She contends the record establishes only assertions of unsatisfactory work performance and disagreements *878 with her supervisors. She specifically maintains that she could not have been guilty of absenteeism as she was not scheduled to work on April 13, 1982.

Scope of Review
An employee can be discharged for unsatisfactory work performance without being guilty of disqualifying misconduct, Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). It is the employer's burden to prove disqualifying misconduct by a preponderance of the evidence, Simmons v. Gerace, 377 So.2d 407 (La.App.2d Cir.1979). Such misconduct has been defined to mean an intentional wrongdoing or an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, disregard of standards of behavior which the employer has a right to expect, or negligence in such a degree or recurrence as to manifest culpability, wrongful interest, or evil design, Jenkins v. Blache, 471 So.2d 909 (La.App.2d Cir.1985). Judicial review of the decisions of the Board of Review is limited and the findings of the Board as to facts and credibility, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law, LSA-R.S. 23:1634, Ware v. Doyal, 320 So.2d 212 (La. App.3d Cir.1975). Contradicted testimony may be evidence upon which the Board of Review can take into consideration, Hall v. Doyal, 191 So.2d 349 (La.App.3d Cir.1966). Hearsay to which no objection has been made may be sufficient evidence upon which the Board of Review can make fact and credibility determinations. Chalik v. Gerace, 459 So.2d 82 (La.App.2d Cir.1984). Judicial review of the findings of the Board of Review does not permit weighing or re-evaluation of the evidence, drawing of inferences, or substituting the views of the court for that of the Board, Billman v. Sumrall, 464 So.2d 382 (La.App. 1st Cir. 1985). When the evidence presented is open to several reasonable constructions, the court will accept the one the Board of Review has reasonably made in reaching its decision, Ross v. Holiday Inn, 191 So.2d 335 (La. App. 3d Cir. 1966).

Poor Work Habits
The only specific evidence of poor work habits was an occurrence on April 12, 1982, Mrs. Carter's last day of work. Ms. Collins testified that Ms. Carter failed to properly clean a room and that a supervisor had to complete the work. The only other instances of poor work performance was testimony of prior verbal warnings given by Ms. Collins to Ms. Carter. The record does not reveal the frequency of, or specific reasons for, these prior warnings. Ms. Collins also testified that Ms. Carter was capable of doing the work properly and that she was aware of what was expected as she had been issued, and had read, a book of employment rules when she was hired. Ms. Collins specifically testified that Ms. Carter's work performance simply did not meet these expectations. Ms. Dickson verified Ms. Collins' version by testifying that Ms. Carter could do the work correctly but that on some days she would clean her rooms "just like a top" and on some days she would not do anything. The record does not reveal how many days the work performance was unsatisfactory or if Ms. Carter received a verbal warning after each of these incidents.
Ms. Carter testified that she had never been given a verbal warning concerning her work by Ms. Collins and that criticism about unclean rooms was given in group meetings where no individual was identified by name. Ms. Sheila Ellis also testified that she had known and worked with Ms. Carter for a year and six months and that, in her opinion, Ms. Carter was a dependable worker who did a good job. Ms. Ellis also testified that the supervisors were satisfied with the work of Ms. Carter.
Accepting the evidence as determined by the Board of Review, it is our opinion that the facts do not constitute disqualifying misconduct. At most, Ms. Carter's conduct reflects substandard work performance or incompetence. The jurisprudence clearly recognizes that this is not *879 a sufficient basis upon which to deny unemployment benefits, Jenkins v. Blache, supra. The evidence does not show the specificity of work instructions and the frequency of supervisory warnings needed to establish that the failure to properly clean a motel room is a form of disqualifying misconduct, Ross v. Holiday Inn, supra. The fact that there is only one specific instance of unsatisfactory work performance in almost two years of employment is further support for the non-disqualifying nature of Ms. Carter's work habits. Occasional incidents of a failure to properly follow the employer's rules and regulations do not equate to disqualifying misconduct, Simmons v. Gerace, supra. Ms. Collins' direct testimony that Ms. Carter's work habits simply did not meet expectations, and the general references to prior unspecified incidents of improperly cleaned rooms, does not amount to a wrongful interest, an evil design or a substantial disregard of the employer's interest.
The Board of Review and trial court were clearly wrong in concluding that Ms. Carter's work performance amounted to disqualifying misconduct.

Unexcused Absenteeism
Ms. Collins testified that all employees were supposed to check a bulletin board in her office so that they would know when next to report to work. She stated that on April 12, 1982, Ms. Carter's last day of work, the board listed her to be at work on April 13, 1982. This was verified by Ms. Dickson. Ms. Carter did not report on that day and did not call Ms. Collins until the evening of April 16, 1982. This is the only incident of absenteeism complained of by Ms. Collins and Ms. Dickson.
Ms. Carter testified that her name was not on the board as related by Ms. Collins and that she was not supposed to report to work until April 17, 1982. The record shows a conflict in Ms. Carter's testimony. In her statement of May 3, 1982, Ms. Carter states that she was arrested and jailed on the shoplifting offense on April 13, 1982 and that she was out on bail in an hour or so. Yet, in her testimony given on October 8, 1984, she states that she was arrested on April 16, 1984, and called Ms. Collins later that night after she had been released on bail.
An unexcused absence from work, and a failure to timely notify the employer, can be disqualifying misconduct if a wrongful intent is established, Gunderson v. Libbey Glass, 412 So.2d 656 (La.App.2d Cir. 1982). The lack of any prior unexcused or unexplained absences, and the lack of any prior warnings from the employer, have been deemed controlling factors negating the existence of intentional conduct, Goff v. Administrator of Division of Employment Sec., 157 So.2d 268 (La.App.3d Cir. 1963).
We conclude that the record does not establish sufficient evidence to justify a denial of benefits due to an unexcused absenteeism and a failure to timely notify the employer. There is no evidence of any prior unexcused or unexplained absences by Ms. Carter over almost two years of employment. There is no evidence of any prior written or verbal warnings given by Ms. Collins concerning such absences or concerning her failure to timely notify her employer of an excusable absence. There is no evidence of any specific employment policy concerning the effect of one unexcused absence where no timely notice is given. The evidence as accepted by the Board of Review, does not establish the type and quality of intentional acts based upon absenteeism required by the jurisprudence for a denial of unemployment benefits.

Unprovoked Insubordination
Ms. Collins testified to incidents involving Ms. Carter's insubordination toward her employer. Ms. Collins described situations where Ms. Carter would curse her supervisor. Ms. Collins testified that she gave verbal warnings to Ms. Carter after such incidents but that her behavior did not improve. Ms. Collins stated that these incidents occurred over a four week period immediately prior to Ms. Carter's discharge, *880 but the record is silent as to the number of such incidents and the frequency of the warnings. Ms. Collins also related a prior incident where Ms. Carter called her at work and threatened to "beat her up" for talking about her to personnel of the Food Stamp Office and the Welfare Office. Ms. Dickson testified that Ms. Carter was also known to have cursed a fellow housekeeper.
The record reveals that Ms. Carter did not deny that such confrontations had occurred and she did not object to the testimony concerning her cursing. She testified that her supervisors wanted her to express her feelings to them and that she did not interpret such discussions as arguments.
The Board of Review was not precluded from determining that Ms. Carter's work behavior of cursing her supervisors amounted to disqualifying misconduct in the form of insubordination, even though the employer only charged that she was in a habit of arguing with her superiors, Jackson v. Brown, 136 So.2d 329 (La.App.2d Cir.1961), Jefferson Parish H.U. v. State O. of Emp. Sec., 458 So.2d 144 (La.App. 1st Cir.1984). Unprovoked incidents where an employee curses a supervisor at work amounts to disqualifying insubordination, Jefferson Parish H.U. v. State O. of Emp. Sec., supra. Even though there may be various occasions when an employer determines that an employee should be discharged, the employer's election to retain the worker, because the individual is on the job and capable of properly doing the work, is not deemed an acquiescence of the unacceptable behavior or a waiver of the right to prove disqualifying misconduct, Fruchtzweig v. Southern Specialty Sales Company, 149 So.2d 623 (La.App.4th Cir. 1963), after remand, 161 So.2d 374 (La. App. 4th Cir.1964), Jones v. Doyal, 298 So.2d 137 (La.App. 4th Cir. 1974), writ denied, 302 So.2d 23 (La.1974).
We conclude there are sufficient facts to justify a determination that Ms. Carter was guilty of disqualifying insubordination. The direct testimony of Ms. Collins, unobjected to by Ms. Carter, indicates that more than one incident occurred at work where Ms. Carter cursed her supervisors. The record shows that these occurrences took place within a four week period immediately prior to her discharge. There is no evidence of any justifiable provocation for her demeanor. Additional evidence of her insubordinate nature is her prior threat toward Ms. Collins and her conduct in cursing a fellow worker. The Board of Review properly took this testimony into consideration when making their decision. The sufficiency of the evidence compels us to accept as conclusive the Board's determination of credibility and its reasonable construction of the circumstances of this case, Ware v. Doyal, supra. The employer's election to endure Ms. Carter's conduct for a four week period, and the fact that the discharge was triggered by her absence from work, does not lessen the validity of her disqualification and does not affect the employer's right to assert this claim against her. Ms. Carter's behavior was far below that which her employer had a right to expect and amounted to disqualifying insubordination.

Conclusion
The trial court was clearly wrong in finding there was sufficient evidence to support the Board of Review's determination that the appellant's prior work habits and unexcused absenteeism was supported by sufficient evidence. However, the record establishes there was sufficient evidence before the Board of Review to support its finding that the appellant was guilty of insubordination which disqualified her from benefits. The judgment appealed is AFFIRMED.