844 So.2d 321 (2003)
Leon CLIPPS, Jr.
v.
STATE of Louisiana, DEPARTMENT OF LABOR and East Baton Rouge Parish School Board.
No. 2002 CA 1780.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
Writ Denied May 16, 2003.
*323 Leon Clipps, Jr., Baton Rouge, Plaintiff-Appellee In Proper Person.
Darlene S. Ransome, Baton Rouge, Counsel for Defendant-Appellant East Baton Rouge Parish School Board.
J. Jerome Burden, Baton Rouge, Counsel for Defendant-Appellant Administrator of the Louisiana Department of Labor.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
This is an unemployment compensation case. The Louisiana Department of Labor, Office of Regulatory Services, and the East Baton Rouge Parish School Board (School Board) appeal the judgment of the district court reversing the Board of Review and reinstating unemployment benefits to Leon Clipps, Jr. (Clipps).

FACTS AND PROCEDURAL HISTORY
On August 24, 2001, Clipps was discharged from his employment with the School Board, where he had been employed as a custodian. The Department of Labor, Office of Employment Security (OES) disqualified Clipps for unemployment benefits because of misconduct associated with Clipps's termination. Clipps appealed that decision to an Appeal Referee. The Referee found that the employer had not proved misconduct on the part of Clipps and, therefore, ordered that unemployment benefits be paid. The School Board appealed that decision to the Board of Review.[2] The Board of Review made the following findings of fact:
The claimant worked for the East Baton Rouge Parish School Board from August 1994 until August 24, 2001. He was a full-time Head Custodian and was paid an annual salary of $23,000. On August 24, 2001, the claimant was discharged from the employment for insubordination. As head custodian, the claimant was responsible for cleaning and maintaining an assigned school building. He was informed by Robert Lee, Manager, that no additional money would be spent at the building, but he would only clean and maintain the facility that would eventually be closed. Meanwhile, Ms. Gail Johnson, Assistant Superintendent, received numerous complaints about the building. On August 6, 2001, she reported to the site to address complaints and inspect the building for cleanliness. Ms. Johnson was dissatisfied with the findings and reported to the claimant's supervisor that the building was unsatisfactory. The claimant, who was absent that day, was informed by his supervisor that Ms. Johnson had coordinated an inspection and was dissatisfied with the condition of the building. The claimant requested to speak with Ms. Johnson. His request was denied, however, he was given permission and allowed to leave work and meet with Mr. Corona, Head Superintendent. The claimant did not meet with Mr. Corona as he had requested. He showed insubordination when he approached Ms. Gail Johnson. Their meeting resulted in a verbal confrontation and the claimant's supervisor *324 was notified. The claimant was suspended pending an investigation into the matter. About three hours later, the claimant was informed to report to Ms. Annette Mire, Personnel Manager. The claimant informed his supervisor that he could not report because he was going out of town to Dallas, Texas. The claimant was scheduled [for] a pre-disciplinary hearing, but failed to attend stating he received notification of the hearing on the day it was scheduled. Subsequently, he was discharged for insubordination.
The Board of Review concluded:
After a thorough review of the record and testimony in this case, the Board of Review finds that the claimant was discharged from his employment for insubordination. He was instructed and allowed time off from work to speak to a supervisor. He showed insubordination when he failed to report to the proper supervisor and approached another supervisor, resulting in a verbal confrontation. When the claimant failed to show up for a pre-disciplinary hearing, he was discharged from the employment. The Board of Review unanimously concludes that his discharge was for misconduct connected with the employment. He will be disqualified.
Subsequently, Clipps sought judicial review of the decision of the Board of Review, and the district court reversed its decision. The School Board and The Department of Labor, Office of Regulatory Services, filed a suspensive and a devolutive appeal, respectively.

LAW AND DISCUSSION
Unemployment benefits are awarded pursuant to La. R.S. 23:1591, et seq., and the criteria for disqualification for benefits are found in La. R.S. 23:1601. Woods v. Cameco Indus., Inc., XXXX-XXXX, p. 7 (La.App. 1st Cir.3/28/02), 815 So.2d 370, 375. If the administrator[3] finds that an individual has been discharged for misconduct connected with his employment, he shall be disqualified for unemployment benefits. La. R.S. 23:1601(2)(a). Where the employer seeks to deny benefits because of employee misconduct, the burden of proof is on the employer. Woods, XXXX-XXXX at p. 7, 815 So.2d at 375. This issue is primarily factual and is left to the determination of the Referee and the Board of Review. Banks v. Adm'r, Dep't of Employment Security of the State of Louisiana, 393 So.2d 696, 699 (La.1981); Major v. Cintas/Red Stick, 94-713, p. 3 (La.App. 3d Cir.12/6/95), 665 So.2d 153, 156, writ denied, 96-0081 (La.3/8/96), 669 So.2d 402.
La. R.S. 23:1634(B) states, in pertinent part, as follows:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this chapter, as is provided in civil cases.
Thus, appellate review in this matter is expressly and severely limited to questions of law. St. Tammany Parish School Bd. v. State, Dep't of Labor, XXXX-XXXX, p. 5 (La.App. 1st Cir.5/10/02), 818 So.2d 914, 917. Courts may not disturb factual findings of the Board of Review when the conclusions are supported by sufficient evidence. *325 In addition, judicial review of the factual findings of the Board of Review does not permit weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting views of the court for that of the Board of Review as to the correctness of the facts presented. St. Tammany Parish School Bd., XXXX-XXXX at p. 5, 818 So.2d at 917; King v. Tangipahoa Parish Police Jury, 96-0934, pp. 3-4 (La.App. 1st Cir.2/14/97), 691 So.2d 194, 196. The court must determine whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the Board of Review's decision. St. Tammany Parish School Bd., XXXX-XXXX at p. 5, 818 So.2d at 917-18.
In ruling in favor of Clipps, the district court reasoned:
The Court has carefully reviewed the entire record in these proceedings, de novo. The Court is firmly of the opinion that the hearing officer in the tribunal below made findings of fact and conclusions of law that were supported by the evidence.
The Court also notes for the record that the hearing officer had the benefit of hearing the witnesses, viewing the witnesses, their demeanor in testifying, and obliviously [sic] gave an appropriate consideration.
Therefore, the Court reverses the Board of Review and reinstates the opinion of the hearing officer....
Thus, the district court implicitly placed on the Board of Review the obligation of giving the Referee the same deference that an appellate court would, in ordinary cases, be required to give to a trial court with respect to findings of fact.
However, in Louisiana Hospital Service, Inc. v. Bookter, 317 So.2d 282 (La. App. 1st Cir.), application denied, 320 So.2d 561 (La.1975), this court stated:
We find no merit to plaintiff's argument that we should give greater credence to the findings of the Appeals Referee rather than those of the Board since the Referee was able to observe the demeanor of the witnesses and therefore better able to determine the vital issues of credibility presented in this case. It is not the decision of the Appeals Referee which is here called into question, but rather, the decision of the Board of Review which is specifically granted the power to reverse the Appeals Referee even absent new evidence, R.S. 23:1630. It is not for this court to examine the propriety of each decision made at various administrative levels in a specific case. Rather, we are only concerned with the decision of the Board of Review, the administrative level of last resort in cases of this kind, and whether its findings of fact are supported by sufficient evidence.
Bookter, 317 So.2d at 284. Based on the foregoing, the district court erred as a matter of law. The district court did not have authority to substitute its own view for that of the Board of Review when there was sufficient evidence in the record to support the Board of Review's conclusion that Clipps was discharged for misconduct. Accordingly, this court must conduct a de novo determination of whether or not the ruling of the Board of Review was correct. King, 96-0934 at p. 4, 691 So.2d at 197.
After his request to speak with Ms. Johnson was denied, Clipps was given permission and allowed to leave work to meet with Mr. Corona, Head Superintendent. However, the testimony shows that Clipps did not meet with Mr. Corona as he had requested but instead approached Ms. Johnson.
Ms. Johnson, assistant superintendent for auxiliary services, who inspected the school where Clipps worked, testified that *326 Clipps came up behind her in a very intimidating manner when she was getting out of her car at her office. That testimony was corroborated by Martha Reynolds, a personnel clerk, who witnessed Clipps in the parking lot with Ms. Johnson. She stated that Clipps was yelling at Ms. Johnson, although she could not hear what was being said. She also stated he was very close to Ms. Johnson and felt like Clipps was acting in an intimidating manner towards her.
Clipps was suspended pending an investigation into the matter and about three hours later, Clipps was informed to report to Ms. Annette Mire, Personnel Manager. Clipps informed his supervisor that he could not report because he was going out of town to Dallas, Texas. Subsequently, claimant was scheduled for a pre-disciplinary hearing but failed to attend, because he claimed he received notification of the hearing on the day it was scheduled.
Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others. La. R.S. 23:1601(2)(a). Misconduct must come from a willful or wanton disregard of the employer's interest, from an intentional breach of the employer's rules, or from a direct disregard of the standard of behavior which the employer has a right to expect from its employees. St. Tammany Parish School Bd., XXXX-XXXX at p. 6, 818 So.2d at 918.
The evidence supports the findings of the Board of Review, and its ruling is correct as a matter of law. It must, therefore, be affirmed.

DECREE
For the foregoing reasons, the judgment of the district court is reversed and the decision of the Board of Review finding that Clipps is disqualified from receiving unemployment compensation benefits is reinstated. Costs may not be assessed against Clipps or the Office of Employment Security. See La. R.S. 23:1692 and La. R.S. 23:1548. It also would not be equitable to assess costs against the employer, the East Baton Rouge Parish School Board. Accordingly, the clerk of this court and the clerk of the trial court must absorb the costs. See St. Tammany Parish School Board, XXXX-XXXX at p. 8, 818 So.2d at 919.
REVERSED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] The Board of Review is within the Office of Regulatory Services. See La. R.S. 23:1651 and 1652.
[3] The administrator means the Secretary of the Department of Labor. La. R.S. 23:1472(1).