934 So.2d 180 (2006)
Edward BUGGAGE
v.
ASSUMPTION PARISH SHERIFF DEPARTMENT and Department of Labor.
No. 2005 CA 1058.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
Edward Buggage, Napoleonville, Plaintiff/Appellant In Proper Person.
Lloyd Fred Schroeder, II, New Orleans, Counsel for Defendant/Appellee Assumption Parish Sheriff's Dept.
Norbert C. Rayford, J. Jerome Burden, Baton Rouge, Counsel for Defendant/Appellee Department of Labor.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
In this case, plaintiff appeals a district court judgment dismissing his petition for judicial review. We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Edward Buggage, was employed by the Assumption Parish Sheriff's Department ("the Department") as a correctional officer from January 28, 2002 until November 6, 2003. Buggage was terminated for his failure to comply with the Department's policy after he left an inmate unattended at the hospital while he (Buggage) went to the bathroom. After being denied unemployment benefits pursuant to La. R.S. 23:1601(2) based on the Board of *181 Review's determination that his termination resulted from his continuous misconduct during the course of his employment, Buggage filed a petition for judicial review in accordance with La. R.S. 23:1634. The trial court affirmed the Board of Review's decision. This appeal followed, in which Buggage assigned the following errors:
1. Did the Appelle [sic] Assumption Parish Sheriff Department fail in their obligations to provide the state required training for a correctional officer as to dealing with prisoners abroad.
2. Did the administrative law judge base he [sic] opinion upon a legal conclusion as to the definition of "misconduct" bypassing the essentials of LSA R.S. 23:1601 an intent to do wrong must be present and unsatisfactory does not count as a misconduct.
3. Did the District Court Judge exercise prudence in resolving the case after being presented with all necessary evidence and information and case law which should have brought this case to a close nothing was said or done.

DISCUSSION
According to La. R.S. 23:1601, an individual shall be disqualified for unemployment compensation benefits if the administrator finds that he has been discharged by an employer for misconduct connected with his employment. "Misconduct" is defined in the statute as "mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure [sic] orderly work or the safety of others." La. R.S. 23:1601(2)(a).
Where the employer seeks to deny unemployment benefits because of employee misconduct, the burden of proof is on the employer. Clipps v. State, Dept. of Labor, 02-1780, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 321, 324, writ denied 03-0977 (La.5/16/03), 843 So.2d 1138. Proof must be by a preponderance of the evidence. Harsco Corp. v. Victoria, 01-1486, p. 4 (La.App. 3 Cir. 3/20/02), 812 So.2d 871, 874.
In response to Buggage's claim for unemployment compensation benefits, the Department listed the following policy violations which led to Buggage's termination:
1. On April 16, 2002, Buggage received a verbal warning for utilizing an office (public) vehicle for personal use.
2. On April 19, 2002, Buggage received a verbal warning for socializing with prisoners within a dormitory. Specifically, Buggage engaged in a card game with the prisoners in direct violation of the policies and procedures manual.
3. On May 28, 2003, Buggage received a five-day suspension for "dereliction of duty" for improperly releasing a prisoner. Buggage allowed a prisoner to be released without posting a bond, in direct violation of the policies and procedures manual.
4. On November 1, 2003, Buggage was terminated because of a serious infraction and dereliction of duty. After transporting a prisoner to the hospital for x-rays, Buggage left the prisoner alone and unattended for approximately fifteen minutes. This was a grave security risk which placed an enormous amount of liability on the Department and which was also a direct violation of the policies and procedures manual. The seriousness of this offense prompted Buggage's termination.
In his statement given as part of his claim for unemployment benefits, Buggage *182 admits that he was aware of the policy against leaving an inmate alone, admits that he violated the policy, and admits that he had received prior warnings about his conduct. However, Buggage stated that he did not think he should have been discharged because "they discharged me on what could have happened but nothing happen [sic]."
Louisiana Revised Statutes 23:1634 provides, in part:
A. [A]ny party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision.... The petition for review need not be verified but shall state the grounds upon which such review is sought....
B.... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record. Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases except cases arising under the workers' compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases.
The evidence presented as to the Department's policies and Buggage's actions provided sufficient evidence to support the Board of Review's factual finding that Buggage was terminated for misconduct. Thus, under La. R.S. 23:1634, the Board's findings are conclusive and our jurisdiction is limited to questions of law. Given the Board of Review's findings that Buggage was aware of the Department's policies, that Buggage violated the policies, and that Buggage's actions placed others at risk, the question becomes whether, under Louisiana law, the Board's decision is justified by its findings of fact. It is clear that Buggage's actions constitute "misconduct" as defined by La. R.S. 23:1601(2).
Regarding Buggage's claim that the Department failed to provide proper training for him, Buggage had transported prisoners throughout his employment with the Department and admitted that he knew that he was not supposed to leave a prisoner unattended. Any argument that transporting prisoners was not his job and therefore he should not be held accountable for his actions while doing so, or an argument that he was not properly trained, will fail under the circumstances of this case because Buggage was aware of the Department's policy and was aware that he was violating it.
As for his claim that the administrative law judge based his decision that Buggage was terminated for misconduct on an incorrect standard, i.e., the definition of misconduct supplied in La. R.S. 23:1601(2), we likewise find no merit in this argument. The definition of "misconduct" supplied by La. R.S. 23:1601(2) outlines what types of behavior will result in a disqualification for unemployment benefits. Buggage's actions fall squarely within the statutory definition of "misconduct."

*183 DECREE
For the above reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant, Edward Buggage.
AFFIRMED.